No. 23-20165

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

BAY AREA UNITARIAN UNIVERSALIST CHURCH; DRINK HOUSTON BETTER,
L.L.C., DOING BUSINESS AS ANTIDOTE COFFEE; PERK YOU LATER, L.L.C.,
Plaintiffs – Appellants

v.

HARRIS COUNTY DISTRICT ATTORNEY KIM OGG; COUNTY SHERIFF ED
GONZALEZ; WEBSTER ACTING CHIEF PETE BACON; CHIEF OF HOUSTON
POLICE DEPARTMENT TROY FINNER,
Defendants – Appellees

On Appeal from Civil Action Number 4:20-cv-03081, in the United States
District Court for the Southern District of Texas, Houston Division

**Brief of Appellee Chief of Houston Police Department Troy Finner**

ARTURO G. MICHEL
City Attorney

SUZANNE R. CHAUVIN
Chief, General Litigation Section

Donald B. Hightower
Senior Assistant City Attorney
SBN: 24062780
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:  832.393.6429
Facsimile:   832.393.6259
donald.hightower@houstontx.gov

*Attorneys for Defendant-Appellee Chief of
Houston Police Department Troy Finner*

No. 23-20165

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

BAY AREA UNITARIAN UNIVERSALIST CHURCH; DRINK HOUSTON BETTER,
L.L.C., DOING BUSINESS AS ANTIDOTE COFFEE; PERK YOU LATER, L.L.C.,
Plaintiffs – Appellants

v.

HARRIS COUNTY DISTRICT ATTORNEY KIM OGG; COUNTY SHERIFF ED
GONZALEZ; WEBSTER ACTING CHIEF PETE BACON; CHIEF OF HOUSTON
POLICE DEPARTMENT TROY FINNER,
Defendants – Appellees

---

On Appeal from Civil Action Number 4:20-cv-03081, in the United States
District Court for the Southern District of Texas, Houston Division

---

**Certificate of Interested Persons**

---

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal. The judge below was the Honorable Ewing Werlein, Jr.

| | |
|---|---|
| Appellants: | Bay Area Unitarian Universalist Church<br>Drink Houston Better, L.L.C., doing business as Antidote Coffee<br>Perk You Later, L.L.C. |
| Trial and Appellate Counsel for Appellants: | Alla Lefkowitz<br>Andrew Nellis<br>Ryan Gerber<br>Laura Keeley<br>Everytown Law<br>Charlotte H. Taylor<br>Lesley Roe<br>William R. Taylor<br>Jones Day |
| Appellees: | Harris County District Attorney Kim Ogg<br>County Sheriff Ed Gonzalez<br>Webster Acting Chief Pete Bacon<br>Chief of Houston Police Department Troy Finner |
| Trial and Appellate Counsel for Appellees Kim Ogg and Ed Gonzalez: | Heena Kepadia<br>Moustapha Gassama<br>Harris County Attorney's Office |
| Trial and Appellate Counsel for Appellee Pete Bacon: | William S. Helfand<br>Justin C. Pfeiffer<br>Lewis Brisbois Bisgaard & Smith, LLP |
| Trial Counsel for Appellee Troy Finner: | Melissa Azadeh<br>City of Houston Legal Department |
| Appellate Counsel for Appellee Troy Finner: | Donald B. Hightower<br>City of Houston Legal Department |

*/s / Donald B. Hightower*
Donald B. Hightower

*Attorney for Defendant-Appellee Chief of Houston Police Department Troy Finner*

**Statement Regarding Oral Argument**

The facts and governing law of this case are straightforward. Oral argument would not be useful to the Court.

# Table of Contents

**Page**

Certificate of Interested Persons.......................................................................ii

Statement Regarding Oral Argument ............................................................. v

Table of Contents.......................................................................................... vi

Table of Authorities .................................................................................... viii

Statement of the Case.................................................................................... 2

    1.    Appellants' claims.................................................................... 2

    2.    Motions to Dismiss................................................................. 3

    3.    Houston Police Chief's Motion for Judgment on the Pleadings................................................................................... 4

Summary of the Argument ........................................................................... 6

Argument ..................................................................................................... 7

I.    Standards of Review ......................................................................... 7

    A.    Motion for Judgment on the Pleadings – Rule 12(c). ................. 7

    B.    Denial of Leave to Amend Complaint – Rules 15, 59 and 60. ...... 8

II.    The District Court Properly Granted Houston Police Chief's Motion for Judgment on the Pleadings Under Rule 12(c).................... 11

    A.    Appellants have no standing to sue Houston Police Chief.......... 11

        1.    Appellants failed to demonstrate an injury-in-fact............. 12

        2.    Appellants fail to demonstrate any injury that is "fairly traceable" to Houston Police Chief. ................................ 21

    B.    Appellants fail to demonstrate that their claims are ripe. ............ 22

III.   The District Court Properly Denied Appellants' Motion for Leave
       to Amend Complaint. ........................................................... 24

       A.    The District Court correctly concluded that amendment was
             futile.......................................................................... 24

       B.    Appellants' Motion for Leave was untimely. ............................ 32

       C.    Appellants failed to demonstrate necessary grounds for leave
             to amend their Complaint. ....................................... 34

Prayer for Relief........................................................................... 39

Certificate of Service .................................................................... 40

Certificate of Compliance............................................................. 40

# Table of Authorities

**Page(s)**

## Cases

*A & R Eng'g & Testing, Inc. v. Scott,*
  72 F.4th 685 (5th Cir. 2023) ............................................................ 11, 21

*Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.,*
  851 F.3d 507 (5th Cir. 2017) .................................................................. 26

*Allen v. Wright,*
  468 U.S. 737 (1984) ........................................................................... 19, 30

*Am. Forest & Paper Ass'n v. EPA,*
  137 F.3d 291 (5th Cir. 1998) .................................................................. 23

*Anokwuru v. City of. Houston,*
  990 F.3d 956 (5th Cir. 2022) .................................................................. 35

*Apani Sw., Inc. v. Coca-Cola Enters., Inc.,*
  300 F.3d 620 (5th Cir. 2001) .................................................................... 8

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................... 7, 8

*Auster Oil & Gas, Inc. v. Stream,*
  764 F.2d 381 (5th Cir. 1985) .................................................................. 38

*Babbitt v. United Farm Workers Nat'l Union,*
  442 U.S. 289 (1979) .............................................................................. 13

*Bailey v. Patterson,*
  369 U.S. 31 (1962) ............................................................................ 19, 30

*Baker v. Carr,*
  369 U.S. 186 (1962) .............................................................................. 11

*Barrett v. Indep. Order of Foresters,*
  625 F.2d 73 (5th Cir. 1980) .................................................................... 38

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................. 7

*Blackburn v. City of Marshall*,
  42 F.3d 925 (5th Cir. 1995) ..................................................... 8

*California v. Texas*,
  141 S. Ct. 2104 (2021) ...................................................... 16, 26

*Cent. & S.W. Servs., Inc. v. EPA*,
  220 F.3d 683 (5th Cir. 2000) ................................................. 23

*Chevron U.S.A., Inc. v. Traillour Oil Co.*,
  987 F.2d 1138 (5th Cir. 1993) ............................................... 22

*City of Clinton v. Pilgrim's Pride Corp.*,
  632 F.3d 148 (5th Cir. 2010) ................................................... 9

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ........................................... 13, 14, 20, 21

*Colvin v. Amegy Mortg. Co., LLC (In re Colvin)*,
  Nos. 11-51241, 12-05018, No. ADV 12-05018, 2012 WL 2562490
  (Bankr. W.D. Tex. June 28, 2012), *vacated sub nom. Colvin v. Amegy
  Mortg. Co., L.L.C.*, 507 B.R. 915 (W.D. Tex. 2014) ................................. 10

*Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*,
  Civil Action No. 3:07–CV–1816–D, 2009 WL 305994 (N.D. Tex.
  Feb. 9, 2009) ....................................................................... 34

*Diamond v. Charles*,
  476 U.S. 54 (1986) ..................................................... 18, 19, 30

*Dussouy v. Gulf Coast Inv. Corp.*,
  660 F.2d 594 (5th Cir. 1981) ................................................. 36

*E.T. v. Paxton*,
  41 F.4th 709 (5th Cir. 2022) .................................................. 21

*Echols v. Parker*,
  909 F.2d 795 (5th Cir. 1990) ............................................. 18, 26

*Edionwe v. Bailey*,
    860 F.3d 287 (5th Cir. 2017) ..................................................... 7

*EEOC v. Serv. Temps, Inc.*,
    Civil Action No. 3:08-CV-1552-D, 2009 WL 3294863 (N.D. Tex.
    Oct. 13, 2009), *aff'd*, 679 F.3d 323 (5th Cir. 2012)..................................... 34

*Ex parte Young*,
    209 U.S. 123 (1908) .................................................................. 26

*Flast v. Cohen*,
    392 U.S. 83 (1968) .................................................................. 11

*Foman v. Davis*,
    371 U.S. 178 (1962) .................................................................. 24

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) .................................................................. 11

*Geiserman v. MacDonald*,
    893 F.2d 787 (5th Cir. 1990) ..................................................... 35

*Glass v. Paxton*,
    900 F.3d 233 (5th Cir. 2018) ..................................................20, 21

*Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,
    313 F.3d 305 (5th Cir. 2002) ..................................................... 7

*Hale v. King*,
    642 F.3d 492 (5th Cir. 2011) ..................................................... 8

*In re Gee*,
    941 F.3d 153 (5th Cir. 2019) ..................................................... 17, 20, 21

*Int'l Soc'y for Krishna Consciousness of Atlanta v. Eaves*,
    601 F.2d 809 (5th Cir. 1979) ..................................................... 14

*Jamieson By & Through Jamieson v. Shaw*,
    772 F.2d 1205 (5th Cir. 1985)..................................................... 24

*Justice v. Hosemann*,
    771 F.3d 285 (5th Cir. 2014) ..................................................... 14

*La. Envtl. Action Network v. McDaniel*,
   No. CIV.A.06-4161, 2008 WL 803407 (E.D. La. Mar. 12, 2008) ............. 11

*Layfield v. Bill Heard Chevrolet Co.*,
   607 F.2d 1097 (5th Cir. 1979), *cert. denied*, 446 U.S. 939 (1980)................ 38

*Leeke v. Timmerman*,
   454 U.S. 83 (1981) .............................................................................19, 30

*Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*,
   616 F.3d 612 (6th Cir. 2010) ...............................................................9, 10

*Linda R.S. v. Richard D.*,
   410 U.S. 614 (1973) .........................................................................19, 30

*Lopez v. City of Houston*,
   617 F.3d 336 (5th Cir. 2010) ...................................................... 22, 23, 24

*Los Angeles County, Cal. v. Humphries*,
   562 U.S. 29 (2010)................................................................................ 27

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992)..........................................................12, 13, 14, 21

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*,
   751 F.3d 368 (5th Cir. 2014) ................................................................ 35

*Massachusetts v. Mellon*,
   262 U.S. 447 (1923) .............................................................................. 17

*Matamoros v. Cooper Clinic*,
   Civil Action No. 3:14–CV–0442–D, 2015 WL 4713201 (N.D. Tex.
   Aug. 7, 2015) ....................................................................................... 35

*Mitsubishi Aircraft Int'l, Inc. v. Brady*,
   780 F.2d 1199 (5th Cir. 1986)............................................................... 38

*Monell v. Dep't of Soc. Servs. of City of New York*,
   436 U.S. 658 (1978) .............................................................................. 27

*Monk v. Huston*,
   340 F.3d 279 (5th Cir. 2003) ................................................................ 22

*Montoya v. FedEx Ground Package Sys., Inc.*,
   614 F.3d 145 (5th Cir. 2010) ................................................... 7

*Mt. Healthy Bd. of Ed. v. Doyle*,
   429 U.S. 274 (1977) ............................................................. 27

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
   833 F.2d 583 (5th Cir. 1987) ................................................. 23

*Pearson v. Holder*,
   624 F.3d 682 (5th Cir. 2010) ................................................. 22

*Pioneer Nat. Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers*
   *Int'l Union Local 4-487*,
   328 F.3d 818 (5th Cir. 2003) ................................................. 10

*Priester v. JP Morgan Chase Bank, N.A.*,
   708 F.3d 667 (5th Cir. 2013) ................................................... 9

*Ross v. Marshall*,
   426 F.3d 745 (5th Cir. 2005) ................................................. 10

*S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*,
   315 F.3d 533 (5th Cir. 2003) ....................................... 34, 35, 37

*Simon v. E. Ky. Welfare Rights Org.*,
   426 U.S. 26 (1976) .............................................................. 17

*Speech First, Inc. v. Fenves*,
   979 F.3d 319 (5th Cir. 2020), *as revised* (Oct. 30, 2020) ........... 13

*Steffel v. Thompson*,
   415 U.S. 452 (1974) ............................................................. 13

*Stringer v. Whitley*,
   942 F.3d 715 (5th Cir. 2019) ................................................. 14

*Sure-Tan, Inc. v. NLRB*,
   467 U.S. 883 (1984) ........................................................ 19, 30

*Susan B. Anthony List v. Driehaus*,
   573 U.S. 149 (2014) ........................................................ 14, 17

*Taylor v. Books A Million, Inc.*,
  296 F.3d 376 (5th Cir. 2002) ..................................................... 8

*Templet v. HydroChem Inc.*,
  367 F.3d 473 (5th Cir. 2004) ..................................................... 9

*Texas v. United States*,
  497 F.3d 491 (2007) ................................................................... 23

*Texas v. United States*,
  523 U.S. 296 (1998) ................................................................... 22

*Thomas v. Chevron U.S.A., Inc.*,
  832 F.3d 586 (5th Cir. 2016) ....................................... 8, 23, 24

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*,
  336 F.3d 375 (5th Cir. 2003) ..................................................... 8

*United States v. Carmichael*,
  343 F.3d 756 (5th Cir. 2003) ................................................... 22

*Valcho v. Dallas Cnty. Hosp. Dist.*,
  658 F. Supp. 2d 802 (N.D. Tex. 2009) ................................... 35

*Villarreal v. Wells Fargo Bank, N.A.*,
  814 F.3d 763 (5th Cir. 2016) ..................................................... 9

*Virginia v. Am. Booksellers Assn., Inc.*,
  484 U.S. 383 (1988) ................................................................... 17

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ..................................................................... 27

*Wimm v. Jack Eckerd Corp.*,
  3 F.3d 137 (5th Cir. 1993) ....................................................... 36

*Younger v. Harris*,
  401 U.S. 37 (1971) ..................................................... 13, 19, 30

*Zimmerman v. City of Austin, Tex.*,
  881 F.3d 378 (5th Cir. 2018) ................................................... 31

**Statutes**

Tex. Alco. Bev. Code § 11.61 ........................................................ 32

Tex. Alco. Bev. Code § 61.71 ........................................................ 32

Tex. Gov't Code § 411.204 ........................................................... 32

Tex. Penal Code § 30.05 ............................................................25, 29

Tex. Penal Code § 30.06-.07 ....................................... 18, 20, 25, 29

Tex. Penal Code § 46.03 ............................................................... 31

Tex. Penal Code § 46.035 ............................................................. 32

Tex. Transp. Code § 543.004 ....................................................... 28

**Other Authorities**

Fed. R. Civ. P. 15 ........................................................................ 35

Fed. R. Civ. P. 59 ........................................................................ 10

Fed. R. Civ. P. 60 ........................................................................ 10

To the Honorable Fifth Circuit Court of Appeals:

This is a lawsuit with no justiciable controversy. Appellants do not have standing to pursue the relief they seek as to Appellee Chief of Houston Police Department Troy Finner ("Houston Police Chief").[1] Appellants Bay Area Unitarian Universalist Church ("Church"); Drink Houston Better, LLC d/b/a Antidote Coffee ("Antidote"); and Perk You Later, LLC (collectively "Appellants") challenge the constitutionality of two Texas criminal trespass statutes—Texas Penal Code sections 30.06 and 30.07 (the "Acts"), which they allege violate their First Amendment rights. Appellants seek a declaratory judgment on the constitutionality of the Acts and an injunction against any enforcement of the Acts by Houston Police Chief—despite failing to allege that Houston Police Chief previously enforced or threatened to enforce the Acts against them or any other property owner. The District Court recognized the fruitlessness of Appellants' Complaint and granted Houston Police Chief's Motion for Judgment on the Pleadings. Now on appeal, Appellants seek to resurrect their claims against Houston Police Chief, but again fail to demonstrate

---

[1] Appellants originally sued Art Acevedo, in his official capacity as Chief of the Houston Police Department. ROA.27, 31. Chief Acevedo resigned as Chief of the Houston Police Department in 2021, and was replaced by Chief Finner, who stepped into Chief Acevedo's role as a party to this litigation. ROA.875.

the standing required to provide the District Court with subject matter jurisdiction.

## Statement of the Case

### 1.    Appellants' claims

Appellants brought filed suit on September 2, 2020, against multiple defendants in their official capacities, including Ken Paxton (then, as Attorney General for the State of Texas), Kim Lemaux (as Presiding Officer for the Texas Commission on Law Enforcement), Kim Ogg (as Harris County District Attorney), Vince Ryan (as Harris County Attorney),[2] Ed Gonzalez (as Harris County Sheriff), Art Acevedo (as Houston Chief of Police), and Pete Bacon (as Webster Chief of Police) (collectively, the "Defendants"). ROA.30–31. Specifically, Appellants sought declaratory and injunctive relief based upon alleged violations of Article I, Section 8 of the Texas Constitution and the First, Fifth, and Fourteenth Amendments to the Constitution of the United States. ROA.52–55.

---

[2] Vince Ryan served as Harris County attorney until 2021, when he was replaced by Christian Dashaun Menefee. Mr. Menefee, in his official capacity, was voluntarily dismissed from the suit on January 3, 2022. ROA.652.

### 2. Motions to Dismiss

Each of the Defendants moved to dismiss Appellants' Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. ROA.122–47 (State Officials), 176–87 (Harris County Defendants), 197–211 (Houston Police Chief), 241–67 (Webster). Like the other Defendants, Houston Police Chief argued that the District Court lacked subject matter jurisdiction because of Appellants' lack of standing since Appellants do not allege any specific conduct by Houston Police Chief related to the Acts. ROA.197–211.

On August 27, 2021, the District Court—the Honorable Vanessa Gilmore, presiding—entered an Order ("Judge Gilmore's Order") granting in part, and denying in part the Defendants' various motions to dismiss. ROA.401–28. Specifically, Judge Gilmore's Order dismissed Appellants' due process claims under the Fifth and Fourteenth Amendments, while sustaining Appellants' First Amendment claims (for which Defendants sought dismissal on the basis of standing and ripeness). ROA.17–18, 27–28.

Following the issuance of Judge Gilmore's Order, Defendants Ken Paxton and Kim Lamoux (the "State Officials") filed notices of interlocutory appeal as of right to this Court. ROA.446–48. Appellants promptly dismissed their claims against the State Officials with prejudice. ROA.456–57.

### 3.     Houston Police Chief's Motion for Judgment on the Pleadings

On December 23, 2021, Houston Police Chief filed a Rule 12(c) motion for judgment on the pleadings arguing that Appellants lacked standing to pursue claims against him. ROA.626–41.

On September 29, 2022, the District Court—the Honorable Ewing Werlien, Jr.,[3] presiding—entered a Corrected Memorandum and Order[4] ("Judge Werlein's Houston Order") granting Houston Police Chief's motion and dismissing all of Appellants' claims against him. ROA.870–82. In so doing, the Court stated that Appellants failed to meet their burden to allege injury in fact connected to Houston Police Chief. ROA.878–81. Specifically, the Court stated that Appellants' claims are based on hypothetical scenarios of what law enforcement and prosecutors may do in various situations. ROA.881. Judge Werlein concluded, "nothing in the statutes themselves compel Appellants to provide the statutory notice to exclude patrons with handguns or suggest that police protection will only be afforded to those who provide statutory notice." ROA.879–80. The Court also noted Appellants have not "pled facts to show that

---

[3] After Judge Gilmore's retirement, the case was assigned to Judge Werlein. ROA.618.

[4] The District Court issued a Corrected Memorandum & Order to correct an error in the original Memorandum and Order, which did not include the full caption of the case. ROA.857–69 (original Memorandum & Order), 870–82 (Corrected Memorandum & Order). No other changes were made to the original Memorandum and Order. ROA.871.

their decision to post the §§ 30.06 and 30.07 signs was in any way coerced or compelled." ROA.880. Rather, "Plaintiffs have failed to meet their burden to allege a plausible set of facts establishing 'a concrete and particularized,' and 'actual or imminent,' injury for which the" police chiefs are responsible. ROA.881.

On October 31, 2022, more than thirty days after Judge Werlein's Houston Order, and almost eleven months after expiration of the amended pleadings deadline, Appellants moved for modification of the scheduling order and leave to amend their complaint (the "Motion for Leave") with new factual allegations. ROA.896–910.

On November 1, 2022, Appellants and each of the remaining Defendants filed dispositive motions. ROA.954–63, 1427–52.

On March 16, 2023, the District Court entered an Order denying Appellants' Motion for Summary Judgment and granting each of the dispositive motions filed by the remaining Defendants ("Judge Werlein's Final Order"). ROA.2126–48. The Court also denied Appellants' Motion for Leave. ROA.2147–48.

## Summary of the Argument

The District Court properly dismissed Appellants' claims against Houston Police Chief and correctly exercised its discretion in denying Appellants' motion for leave to amend their Complaint.

Appellants' constitutional claims are fundamentally and fatally flawed as alleged against Houston Police Chief. Appellants have not plead—nor can they demonstrate—any act, or threat to act, by Houston Police Chief to enforce the Acts against Appellants. Consequently, Appellants cannot demonstrate an injury in fact, the first element of the fundamental requirement of standing. Moreover, Appellants readily admit that the central fear driving their claims is that Houston Police Chief will elect not to arrest and prosecute trespassing third parties—in response to Appellants' refusal to post signs using proscribed language and features—to which Appellants have no cognizable interest anyway. Thus, Appellants lack standing to sue Houston Police Chief.

Further, Appellants' attempted amended complaint cannot save their claims, because even the addition of new factual allegations fail to cure the substantial flaws described above. As the District Court observed, "the result is the same: [Appellants'] lack standing to proceed."

Accordingly, the District Court's judgment should be affirmed.

**Argument**

## I.    Standards of Review

### A.    Motion for Judgment on the Pleadings – Rule 12(c).

A district court's grant of a Rule 12(c) motion for judgment on the pleadings is reviewed *de novo*. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017).

A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The standard for deciding a Rule 12(c) motion is identical to that of Rule 12(b)(6). *Id.* at 313 n.8. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

7

"When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *Iqbal*, 556 US at 678; *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim"). Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Sw., Inc. v. Coca-Cola Enters., Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499.

**B.    Denial of Leave to Amend Complaint – Rules 15, 59 and 60.**

In general, this Court reviews the denial of a motion to amend for abuse of discretion. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590–91 (5th Cir. 2016). "A district court abuses its discretion if it: (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the

law to the facts." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 672 (5th Cir. 2013)). Where the district court's denial of leave to amend was based solely on futility, this court applies a *de novo* standard of review "identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).

However, Appellants' motion was not a traditional motion to amend the complaint with respect to their claims against Houston Police Chief. "When a Rule 15 motion comes after a judgment against the plaintiff, that is a different story. When a party seeks to amend a complaint after an adverse judgment, it … must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by [FRCP] 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615–16 (6th Cir. 2010). A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before[.]" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Instead, to succeed on a motion for reconsideration, a party must "'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *See Ross v. Marshall*, 426 F.3d 745, 763 (5th

Cir. 2005) (quoting *Pioneer Nat. Res. USA, Inc. v. Paper, Allied Indus., Chem. & Energy Workers Int'l Union Local 4-487*, 328 F.3d 818, 820 (5th Cir. 2003)).

The District Court dismissed Appellants' claims against Houston Police Chief for lack of subject matter jurisdiction on September 29, 2022. ROA.870–82. Appellants' motion is subject to the heavier burdens of Rules 59 or 60, not Rule 15 amendment. Appellants did not timely seek relief from or reconsideration of Judge Werlein's Houston Order, dismissing claims against Houston Police Chief for lack of subject matter jurisdiction within 28 days, as required under the Rules. *See* Fed. R. Civ. P. 59, 60. Nor have they satisfied their onerous burden to do so, had a timely motion for reconsideration been filed. *See Ross*, 426 F.3d at 763.

A court acts within its discretion in denying a Rule 15 and a Rule 59 motion on account of 'undue delay'—including delay resulting from a failure to incorporate 'previously [] available' evidence[—] and ought to pay particular attention to 'the movant's explanation for failing to seek leave to amend prior." *Leisure Caviar, LLC*, 616 F.3d at 615-16; *see, e.g.*, *Colvin v. Amegy Mortg. Co., LLC (In re Colvin)*, Nos. 11-51241, 12-05018, No. ADV 12-05018, 2012 WL 2562490, at *2 (Bankr. W.D. Tex. June 28, 2012), *vacated sub nom. Colvin v. Amegy Mortg. Co., L.L.C.*, 507 B.R. 915 (W.D. Tex. 2014) (denying motion for reconsideration of dismissal for lack of standing, as a motion for reconsideration is not the place

to submit evidence that easily could have been presented at the earlier stages of this case); *La. Envtl. Action Network v. McDaniel*, No. CIV.A.06-4161, 2008 WL 803407, at *2–3 (E.D. La. Mar. 12, 2008) (denying motion for reconsideration of dismissal for lack of standing).

## II.    The District Court Properly Granted Houston Police Chief's Motion for Judgment on the Pleadings Under Rule 12(c).

### A.    Appellants have no standing to sue Houston Police Chief.

To satisfy the Article III case-or-controversy requirement, plaintiffs must have standing to sue "at the time the action commence[d]." *A & R Eng'g & Testing, Inc. v. Scott*, 72 F.4th 685, 689 (5th Cir. 2023) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 170 (2000)). "The 'gist of the question of standing' is whether the party seeking relief has 'alleged such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult ... questions.'" *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). To meet the constitutional standing requirements, (1) the plaintiff must have suffered an "injury in fact," defined as an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the

conduct complained of, such that the injury is fairly traceable to the challenged action of the defendant; and (3) it must be likely, not merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

### 1.    Appellants failed to demonstrate an injury-in-fact.

Appellants' Complaint alleges two claims[5] concerning purported First Amendment violations. ROA.32–55. However, the Complaint is fundamentally flawed in that it fails to sufficiently allege facts demonstrating standing, in accordance with the Federal Rules of Civil Procedure. Because the Complaint fails to establish Appellants' standing to sue Houston Police Chief, the District Court was correct in dismissing Appellants' remaining constitutional claims.

Recently, the Fifth Circuit has opined that a "plaintiff has suffered an injury in fact if he (1) has an intention to engage in a course of conduct arguably affected with a constitutional interest, (2) his intended future conduct is arguably ... proscribed by [the policy in question], and (3) the threat of future enforcement of the [challenged policies] is substantial." *Speech First, Inc. v. Fenves*, 979 F.3d

---

[5] Appellants' original claims alleging violations of the Fifth and Fourteenth Amendments to the Constitution of the United States, as well as the Texas Constitution, were dismissed by Judge Gilmore in her Order. ROA.428.

319, 330–31 (5th Cir. 2020), *as revised* (Oct. 30, 2020) (citation and internal quotation marks omitted).

An allegation of future injury may suffice for Article III if the threatened injury is certainly impending, imminent, or there is a substantial risk that the harm will occur. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 415–16 n.5 (2013). Alleging that a future injury is merely "possible" is not enough, *Id.* at 409, because imminence "cannot be stretched beyond its purpose[, to ensure] that the alleged injury is not too speculative for Article III." *Lujan*, 504 U.S. at 560–61.

A plaintiff bringing a pre-enforcement challenge to a criminal statute must "demonstrate a realistic danger of sustaining a direct injury [from its] enforcement." *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979). And plaintiffs who allege an intent to engage in proscribed conduct affected by a constitutional interest do not need to "expose [themselves] to actual arrest or prosecution" before they may challenge the law. *Id.* (citing *Steffel v. Thompson*, 415 U.S. 452, 459 (1974)). But a plaintiff fails to allege a case or controversy when they do not allege that they have ever been threatened with prosecution or that prosecution is likely. *Younger v. Harris*, 401 U.S. 37, 42 (1971).

Here, Appellants failed to allege sufficient facts concerning any concrete or particularized injury caused by Houston Police Chief—specifically through

his purported enforcement of the Acts. The gravamen of Appellants' complaint is that the Acts are unconstitutional. Appellants specifically allege that "Texas has ignored the First Amendment and enacted legislation that singles out a group with which it disagrees …." ROA.27. Appellants' thirty-page Complaint mentions Houston Police Chief *only twice*—in the case caption and in the "Parties" section where Houston Police Chief is simply identified as a Defendant "responsible for enforcing criminal violations of the Acts in the City of Houston." ROA.31. However, Appellants do not (and cannot) allege that Houston Police Chief had any role in authoring or enacting the allegedly unconstitutional State Acts. Furthermore, Appellants do not (and cannot) allege that Houston Police Chief has taken any action to enforce the Acts against Appellants. ROA.30–55.

To establish standing to seek *prospective* injunctive relief, *Appellants* had the burden to allege facts demonstrating that the "threatened injury is 'certainly impending'" or that there is a "'*substantial risk' that the harm will occur.*" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper*, 568 U.S. at 414, n.5); *Lujan*, 504 U.S. at 565 n.2; *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019); *Justice v. Hosemann*, 771 F.3d 285, 291 (5th Cir. 2014) (quoting *Int'l Soc'y for Krishna Consciousness of Atlanta v. Eaves*, 601 F.2d 809, 815 (5th Cir. 1979))). To the contrary, Appellants alleged only that they "want to be able to

call the police to remove individuals who enter the property carrying a gun despite [their] no-guns signs." ROA.47. Appellants fail to allege that Houston Police Chief took any action or made any threat to enforce the Acts against them. Further, Appellants plead no facts that Houston Police Chief chilled or otherwise impacted their freedom of speech. ROA.30–55.

It was exactly this failure which the District Court highlighted in granting Houston Police Chief's Motion:

> Plaintiffs contend in their opposition brief that they must either use the government-scripted speech on their signage or forfeit police protection. … [but] Plaintiffs' Complaint fails to allege any facts suggesting that Plaintiffs must forego police protection if they choose not to provide the statutory notice--i.e., an "oral or written communication" that entry by a license holder with a concealed or holstered handgun is forbidden. Absent from the Complaint are any allegations that without the statutory notice Plaintiffs could not call the police to remove individuals carrying handguns or allegations that the police have not removed or would not remove individuals with handguns, if requested.

ROA.878–79. The District Court also reviewed the four paragraphs of Appellants' Complaint that feature the word "police," observing that *none of them* use the phrase "*police power*" or allege that Appellants must forfeit police protection to exercise their right to remain silent. ROA.879. On this basis the District Court concluded that Appellants failed to allege *any facts* capable of demonstrating the denial of any government benefit as a result of the exercise of such rights. ROA.879. In concluding that Appellants had wholly failed to satisfy

the requirement to demonstrate standing, the District Court stated, "Plaintiffs' claims are based on conjectural and hypothetical imaginings of what the police might do or might not do and what the prosecutors might do and might not do under various scenarios." ROA.881.

On appeal, Appellants argue that the District Court erred in its conclusion because "[t]he complaint pleaded all facts necessary to establish standing[.]" Appellants' Opening Brief, p. 49. However, Appellants fail to direct this Court to *any specific allegations* concerning the Houston Police Chief's enforcement, or threatened enforcement, of the Acts. *See id*. Appellants assert having "alleged that the Houston Police Department *enforces* the challenged statutes in the City of Houston." *Id*. (emphasis added). But Appellants are wrong. The Complaint merely identifies the Houston Police Chief as *responsible for enforcing* criminal violations of the Acts in [] Houston." ROA.31. Merely identifying one of Houston Police Chief's many law enforcement duties is not the same as alleging the specific enforcement, or threatened enforcement, of the Acts for the purpose of demonstrating Appellants' injury-in-fact. As the Supreme Court has observed, "our cases have consistently spoken of the need to assert an injury that is the result of a statute's actual or threatened enforcement, whether today or in the future." *California v. Texas*, 141 S. Ct. 2104, 2114 (2021) (citing *Babbitt*, 442 U.S. at 298 ("A plaintiff who challenges a statute must demonstrate a realistic danger

of sustaining a direct injury as a result of the statute's operation or enforcement"); *Virginia v. Am. Booksellers Assn., Inc.*, 484 U.S. 383, 392 (1988) (requiring "threatened or actual injury resulting from the putatively illegal action" (internal quotation marks omitted)). In the absence of contemporary enforcement, a plaintiff claiming standing must show that the likelihood of future enforcement is "substantial." *Driehaus*, 573 U.S. at 164; *see also Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923) ("The party who invokes the power [of Article III courts] must be able to show … that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement").

Appellants also claim to have satisfied the standing requirement by alleging the purported necessity "to post signs 'in order to avail themselves of the protection of the criminal law to exclude other from their property.'" Appellants' Opening Brief, p. 49. But this conjectural allegation makes *absolutely no mention* of any involvement or relationship of any law enforcement agency— much less the Houston Police Department or the Houston Police Chief. ROA.52–53. This fails to rise above the "unadorned speculation" which this Court has previously held cannot qualify as an injury-in-fact capable of supporting standing. *See In re Gee*, 941 F.3d 153, 164–65 (5th Cir. 2019) (quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 44 (1976)).

Moreover, Appellants' underlying premise—as expressed in the Complaint—is fatally flawed. Appellants' fundamental desire is that they "want to be able to call the police to remove individuals who enter the property carrying a gun despite [their] no-guns signs." ROA.47. Notably, there is nothing in the Acts that expressly prevents this from happening. *See* Tex. Penal Code §§ 30.06-.07. Under Texas's general trespass laws, Appellants may exclude whomever they wish, and those persons are subject to prosecution for trespass. *See id.*, § 30.05. The only thing denied by the Acts is the ability to prosecute possessors of handguns who remain on the property—against the owner's wishes—in the absence of the required oral or written notice. *See id.*, §§ 30.06-.07. The Houston Police Chief does not prosecute anyone. *See Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) ("the power to create and enforce a legal code, both civil and criminal" is one of the quintessential functions of a State…. And "only the State has the kind of 'direct stake' necessary in defending the standards embodied in that code."); *Echols v. Parker*, 909 F.2d 795, 799 (5th Cir. 1990) (any award of attorneys' fees and costs as a prevailing party challenging constitutionality of a state law must be taxed against the state).

Appellants agree that the signage provisions serve a valid interest but want to secure the prosecution of others under the statutes with different, less conspicuous signs. But "[a] private citizen lacks a judicially cognizable interest

in the prosecution or nonprosecution of another." *Diamond*, 476 U.S. at 56 (quoting *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see also Leeke v. Timmerman*, 454 U.S. 83 (1981); *Sure-Tan, Inc. v. NLRB*, 467 U.S. 883 (1984); *Younger*, 401 U.S. at 42; *Bailey v. Patterson*, 369 U.S. 31, 33 (1962). *Cf. Allen v. Wright*, 468 U.S. 737, 754 (1984) ("[An] asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court."). Consequently, any failure to prosecute a handgun possessor under the Acts resulting from Appellants' conduct can never qualify as a lost "benefit" that would create standing. *See id.*

Like the plaintiff in *Diamond*, Appellants' "attempt to maintain the litigation is, then, simply an effort to compel the State to enact a code in accord with [Appellants'] interests." *Id.* at 64-65. Because Appellants challenged only the allegedly "heightened" speech requirements to satisfy alternative notice that could support the hypothetical criminal prosecution of another and voluntarily dismissed the only party against whom such a claim might lie (the State Officials), the District Court lacked subject matter jurisdiction over the case. *See id.*

Even under the proper standard of review—accepting as true the well-pled factual allegations in the complaint and construing them in a light most favorable to Appellants—the Complaint still fails to properly allege injury-in-

fact. All Appellants have alleged is that they *might* be required to call upon the Houston Police Department.[6] Appellants did not allege that they were denied police protection or imminently could be, or that they are required to post any signage at all. Under Texas's general trespass laws, as well as Texas Penal Code §§30.06, 30.07, Appellants may exclude whomever they wish, and those persons are subject to prosecution for trespass. ROA.414. But this Court has previously held that Article III require more than theoretical possibilities. *See In re Gee*, 941 F.3d at 164–65. In such a "chain of contingencies" each "link" must be "certainly impending" to confer standing. *See Glass v. Paxton*, 900 F.3d 233, 239 (5th Cir. 2018) (citing *Clapper*, 568 U.S. at 410–14).[7]

As the District Court correctly held, "[Appellants] have failed to meet their burden to allege a plausible set of facts establishing 'a concrete and particularized,' and 'actual or imminent,' injury in fact for which the Houston [Police] Chief is responsible." ROA.881. Consequently, Appellants failed to

---

[6] In the words of the District Court, "Plaintiffs' claims are based on conjectural and hypothetical imaginings of what the police *might do* or *might not do* and what the prosecutors *might do* and *might not do* under various scenarios." ROA.881 (emphasis added).

[7] Appellants also rely upon the arguments and evidence asserted in response to the District Court's dismissals of all claims against Co-Appellees District Attorney Kim Ogg, Sheriff Ed Gonzalez, and Chief Pete Bacon. *See* Appellants' Opening Brief, p. 50. But Appellants' evidence, and the arguments asserted premised upon such evidence, we provided to the District Court after it had already granted judgment in favor of Houston Police Chief, and so have no application in this Court's consideration of that Order.

allege sufficient fact to satisfy the injury-in-fact element of standing, and the District Court's judgment should be affirmed. *See A & R Eng'g*, 72 F.4th at 690; *Glass*, 900 F.3d at 239; *In re Gee*, 941 F.3d at 164–65.

### 2. Appellants fail to demonstrate any injury that is "fairly traceable" to Houston Police Chief.

Appellants also failed to allege sufficient facts demonstrating that any purported injury was properly traceable to Houston Police Chief.

Article III also requires Appellants to show "a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *E.T. v. Paxton*, 41 F.4th 709, 718 (5th Cir. 2022) (quoting *Lujan*, 504 U.S. at 560 (internal quotation omitted)). So Appellants must show a causal connection between the Houston Police Chief's enforcement of the Acts and their purported injury—here, being forced to post purportedly offensive signs or suffer the presence of patrons possessing handguns. *See id.* Traceability is particularly difficult to show where the proffered chain of causation turns on the government's speculative future decisions regarding whether and to what extent it will bring enforcement actions in hypothetical cases. *See Clapper*, 568 U.S. at 412–14.

As stated above, Appellants failed to allege facts demonstrating a plausible injury that is sufficiently traceable to Houston Police Chief when they failed to allege *any facts* beyond Houston Police Chief's mere responsibility "for enforcing criminal violations of the Acts in [] Houston." ROA.31.

Consequently, Appellants lacked standing to assert their claims against Houston Police Chief, and the District Court properly granted his Motion for Judgment on the Pleadings.

## B.    Appellants fail to demonstrate that their claims are ripe.

"[T]he ripeness inquiry focuses on whether an injury that has not yet occurred is sufficiently likely to happen to justify judicial intervention." *Pearson v. Holder*, 624 F.3d 682, 684 (5th Cir. 2010) (alteration in original) (quoting *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993)). "A claim is not ripe for review if 'it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *United States v. Carmichael*, 343 F.3d 756, 761 (5th Cir. 2003) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

A court should dismiss a case for lack of ripeness when the case is abstract or hypothetical. *Lopez v. City of Houston*, 617 F.3d 336, 341–42 (5th Cir. 2010) (quoting *Monk v. Huston*, 340 F.3d 279, 282 (5th Cir. 2003)). To determine

whether claims are ripe, this Court evaluates (1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration. *Id.* These prongs must be balanced, *Am. Forest & Paper Ass'n v. EPA*, 137 F.3d 291, 296 (5th Cir. 1998), and "[a] case is generally ripe if any remaining questions are purely legal ones." *Lopez*, 617 F.3d at 342 (quoting *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987)). "[E]ven where an issue presents purely legal questions, the plaintiff must show some hardship in order to establish ripeness." *Cent. & S.W. Servs., Inc. v. EPA*, 220 F.3d 683, 690 (5th Cir. 2000). In this sense, the doctrines of ripeness and standing "often overlap in practice, particularly in an examination of whether a plaintiff has suffered a concrete injury." *Lopez*, 617 F.3d at 342 (quoting *Texas v. United States*, 497 F.3d 491, 496 (2007)). If the purported injury is "contingent [on] future events that may not occur as anticipated, or indeed may not occur at all," the claim is not ripe for adjudication. *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985) (quotation omitted).

Here, Appellants failed to allege any act, or threatened action, by Houston Police Chief that caused any injury to Appellants. ROA.27–57. Rather, Appellants claims against Houston Police Chief are based entirely on future acts, or threatened actions, which may or may not come to pass. ROA.27–57.

Consequently, Appellants' claims are not yet ripe and were properly dismissed by the District Court. *See Lopez*, 617 F.3d at 342.

## III. The District Court Properly Denied Appellants' Motion for Leave to Amend Complaint.

Permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). As this Court has previously explained, "[w]hen futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Thomas*, 832 F.3d at 590–91 (quoting *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985)).

### A. The District Court correctly concluded that amendment was futile.

Judge Werlein's Final Order of March 16, 2023, provides a succinct but ample justification for why Appellants' proposed amended complaint "would add nothing of material substance to alter" the Court's analysis that

"[Appellants] lack standing to proceed." ROA.2146. On appeal Appellants argue that their proposed amended complaint "adequately pleaded standing, especially when considering [the amended complaint] must be reviewed under the Rule 12(b)(6) standard." Appellants' Brief, p. 53. This argument—like Appellants' similar argument asserted below—fails to see the forest for the trees. Appellants' fundamental problem is not merely the lack of factual allegations, but rather the lack of a valid theory of standing under federal law.

To begin with, Appellants are not "required" to post signage to exclude guns from their property. But even if they were, Appellants' proposed amended complaint still fails to plausibly allege that Houston Police Chief *required them do so*. ROA.946; *see* Tex. Penal Code §§ 30.05, .06, .07. Instead, Appellants' proposed amended complaint merely adds conclusory allegations regarding the general duty of law enforcement to enforce laws as well as the training of HPD officers regarding changes in Texas criminal laws, probable cause standards, and the Fourth Amendment. ROA.924–26. Training and knowledge of the law does not create an injury in fact that is fairly traceable to Houston Police Chief. The proposed amendment alleges only an imagined response to a hypothetical trespasser fails to allege an injury in fact suffered by any Appellant, or one that is fairly traceable to Houston Police Chief. ROA.918–46.

Moreover, Houston Police Chief is not a state official or an arm of the state subject to suit under *Ex parte Young*. *See, e.g., Echols*, 909 F.2d at 801 (holding the state could not avoid liability by claiming its officials to be local and therefore not subject to suit as arms of the state.). *Ex parte Young*'s limited exception applies to enjoin only state officials enforcing state laws that violate federal law. *See Ex parte Young*, 209 U.S. 123, 155-56 (1908). *Ex parte Young* and its progeny do not allow Appellants to sue every governmental entity within their geographic jurisdiction. This Court has held the most relevant limitation to the *Ex parte Young* exception to state sovereign immunity is that "*Ex parte Young* requires defendants have "some connection" to the state law's enforcement and threaten to exercise that authority." *Air Evac EMS, Inc. v. Tex., Dep't of Ins., Div. of Workers' Comp.*, 851 F.3d 507, 516–17 (5th Cir. 2017) (citing *Ex parte Young*, 209 U.S. at 157). "*Ex parte Young* requires that the state actor "threaten" or "commence" proceedings to enforce the unconstitutional act…" *Id*. at 518–19 (citing *Ex parte Young*, 209 U.S. at 157); *see also California v. Texas*, 141 S. Ct. at 2114 (actual prosecution also required to establish standing).

It is well settled that a municipality such as Houston is not subject to suit, even for prospective injunctive relief, as an arm of the state—or based on its general law enforcement duties. The Supreme Court held, and has since clarified, that the "policy or custom" requirement for imposing municipal

liability applies not just to damages actions, but also to suits for prospective relief. This means a policy or custom of the municipality, not the state laws generally. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978) (discussing circumstances in which "municipalities and other local government units" can be liable under section 1983); *Los Angeles County, Cal. v. Humphries*, 562 U.S. 29, 39 (2010) (clarifying that *Monell*'s "policy or custom" requirement for imposing municipal liability applies not just to damages actions, but also to suits for prospective relief). The Supreme Court has distinguished municipal entities from state officials and arms of the state. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989) ("States are protected by the Eleventh Amendment while municipalities are not, *Monell*, 436 U.S., at 690, n. 54, and we consequently limited our holding in *Monell* 'to local government units which are not considered part of the State for Eleventh Amendment purposes,' *ibid*. Conversely, our holding here does not cast any doubt on Monell and applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes.") (citing *Mt. Healthy Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977)).

Appellants argue that Houston Police Chief was sued because he is responsible for making arrests for violations of the challenged statutory provisions. ROA.924–26. But Houston Police Chief does not enforce the

challenged statutory provisions. ROA.1550. HPD officers have absolutely no authority or discretion to make arrests for violations of sections 30.06 or 30.07 or file criminal charges in Harris County without the Harris County District Attorney's authorization.[8] Irrespective of any HPD officer's assessment of probable cause, they are without power or discretion to bring charges or make an arrest in Harris County unless charges are first accepted by the District Attorney's Office, except for certain class C misdemeanors committed in the officer's presence.[9] ROA.1555–58. HPD officers are required to consult the District Attorney's Office for any possible offense, and when they are unsure if an offense may have been committed.[10] ROA.1562–63. Officers must relay all relevant information to the District Attorney's Office and may make an arrest

---

[8] ROA.1555–58 ("without the authorization of the District Attorney's Office, we have no ability to move forward in the criminal justice process."); 1551–53; 1561–1608. HPD officers can go no further than an investigatory detention without consultation and authority from the District Attorney's Office, who determines what charges, if any, may be filed. ROA.1553–54.

[9] Texas law allows police officers to arrest for class C traffic violations committed in their presence, except: (1) speeding, (2) violation of the open container law, and (3) as of 9/2017, the use of a wireless communication device. *See* Tex. Transp. Code § 543.004(c), as amended by H.B. 62, 85th Legislature, Section 3, effective September 1, 2017.

[10] Officers are without discretion to either decline to contact the District Attorney's Office, make the arrest if the District Attorney's Office declines charges, decline to make the arrest if charges are accepted by the District Attorney's Office, or reduce the offense to a lesser charge than that accepted by the District Attorney. 1562–63, 1571 ("To determine the type and level of charges the arresting officer will contact the District Attorney Intake office"); 1594 ("The following situations always require the creation and submission of an incident report… (a) Felony or Class A or B misdemeanor."). If officers are unsure about the elements of the offense, they are required to contact the District Attorney's Office. ROA.1562–63.

only if the District Attorney accepts charges. ROA.1555. Officers are without discretion to decline to make an arrest after the District Attorney accepts charges, reduce or alter the charges accepted by the District Attorney. ROA.1555. The challenged statutory provisions do not prevent HPD officers from responding to hypothetical calls for service regarding hypothetical armed trespassers and providing police protection, irrespective of the signage posted at the business. *See* Tex. Penal Code §§30.05, .06, .07; ROA.1562–1608. The District Attorney's office would be contacted regarding numerous potential offenses that may or may not depend on written notice. ROA.1552, 1562–1608.

The Harris County District Attorney's Office alone determines what, if any, charges will be brought, considering probable cause, the elements of the offense, and exercising their prosecutorial discretion to decide if charges are warranted. ROA.1615, 1617–18, 1621–23. Law enforcement may investigate and provide the relevant information, but probable cause and charging determinations, if any, lie with the District Attorney alone. ROA.1623–27. The District Attorney has discretion to choose which charges to file, or not to file any charges despite probable cause. ROA.616–17, 1619–20, 1626, 1628, 1630.

Furthermore—as discussed *supra*—Appellants have no right to secure the arrest or prosecution of others; however, they are free to submit a criminal complaint to the District Attorney's office with or without law enforcement

assistance in person or by submitting a complaint form available on the District Attorney's website. *See Diamond*, 476 U.S. at 56 (quoting *Linda R.S.*, 410 U.S. at 619 ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Leeke*, 454 U.S. 83; *Sure-Tan, Inc.*, 467 U.S. 883; *Younger*, 401 U.S. at 42; *Bailey*, 369 U.S. at 33; *Cf. Allen*, 468 U.S. at 754 ("[An] asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court.").

Appellants have never been denied police protection by HPD, or in response to an armed trespasser. Antidote's owners testified they have never been denied police services by the Houston Police Department, or the Harris County Sheriff's Office, and have no reason to believe the Harris County District Attorney would not prosecute offenses under the challenged statutory provisions. ROA.1690–93, 1700–02, 1709–10. HPD officers have responded promptly to calls for service at Antidote and assisted on every occasion they were called. ROA.1668–86, 1703–06. Antidote's owners and representatives have never contacted law enforcement regarding persons with firearms on their property but do not doubt that HPD would respond and provide assistance if they did. ROA.1689, 1707–08. They would not hesitate to contact law enforcement if they needed to, for armed trespassers or otherwise. ROA.1688–89, 1708.

There is no actual or imminent threat of any Appellant being denied police protection as a result of the challenged statutory provisions. Antidote has displayed signs conforming with the written notice provisions of both 30.06 and 30.07 since 2016, shortly after the laws went into effect. ROA.940, 1666–67. The District Court determined that Appellants failed to "[plead] facts to show that their decision to post the §§ 30.06 and 30.07 signs was in any way coerced or compelled, and 'standing cannot be conferred by a self-inflicted injury.'" ROA.880 (quoting *Zimmerman v. City of Austin, Tex.*, 881 F.3d 378, 389 (5th Cir. 2018) (citation omitted)). Antidote's owner testified that neither Houston Police Chief, HPD, nor the City, required Antidote to post any signs. ROA.1687–88.

Finally, weapons are likely prohibited at Antidote without any written or oral notice under sections 30.05, 30.06, or 30.07. Antidote's owner testified that Antidote receives about fifty percent of its revenue from alcoholic beverage sales. ROA.1667. Texas Penal Code section 46.03 prohibits weapons on the premises of businesses that derive 51 percent or more of their income from the sale or service of alcoholic beverages. *See* Tex. Penal Code § 46.03(a)(7). Therefore, Antidote Coffee need not post any signage under the challenged statutory provisions to provide written notice to armed trespassers. The Texas Alcoholic Beverage Commission (TABC) requires such establishments to post a single red 51% sign either inside or outside their business prohibiting all firearms, including

by licensed carriers, instead of the blue sign otherwise required by TABC.[11] Antidote has no complaint about posting the various signs required by the TABC as a condition of Antidote's licensure.

## B.    Appellants' Motion for Leave was untimely.

Appellants' Motion for Leave was an untimely attempt at a second bite at the apple. Appellants discussed filing an amended complaint as early as October 21, 2021. ROA.1543. After at least one Defendant expressed their intent to file a motion to dismiss any amended complaint, however, Appellants indicated they may not amend after all. ROA.1542–43. Shortly thereafter, the District Court denied the other Defendants' motions to certify Judge Gilmore's Oder for interlocutory appeal. ROA.538. Appellants did not seek leave to file an amended complaint.

---

[11] CHL holders are also prohibited from carrying handguns into businesses that derive 51% or more of their income from alcohol (the location is required to post a red "51%" sign, discussed in detail below). Tex. Penal Code § 46.035; Tex. Gov't Code § 411.204. Violation of the statute by bringing a handgun onto the premises of a location which serves alcoholic beverages and which has properly posted the signage is a felony of the third degree. Tex. Penal Code § 46.035. Pursuant to the Texas Alcoholic Beverage Code ("TABC"), the alcoholic beverage location itself is subject to having its license cancelled for knowingly allowing a person to possess a firearm in a building on the licensed premises described above (what we will call "red 51% sign" locations). Tex. Alco. Bev. Code §§ 11.61; 61.71. A business owner has no discretion to allow the carrying of guns into these red 51% sign locations, as the gun prohibitions and sign requirements are mandatory.

On December 7, 2021, the Court entered an agreed Amended Scheduling Order establishing December 15, 2021—just a few days later—as the deadline to file amended pleadings. ROA.616–17. Appellants subsequently filed an unopposed motion for extension of several deadlines—though not the pleadings deadline—which was granted. ROA.647–50, 718–21, 851–54.

On September 19, 2021, Appellants filed an unopposed motion to extend the Motions deadline by one month until November 1, 2022, which was granted. ROA.851–54, 856.

On October 19, 2022, less than two weeks before the new Motions deadline, Appellants filed an opposed motion to "hold" the motions deadline because they intended to file an untimely motion for leave to file an amended complaint. ROA.883–88.

It was not until more than a month after Judge Werlein's Houston Order was issued—almost eleven months after expiration of the amended pleadings deadline, and more than two years after originally filing suit—that Appellants first attempted to obtain leave to amend their Complaint in an attempt to resurrect their claims against Houston Police Chief. ROA.896–910.

**C.    Appellants failed to demonstrate necessary grounds for leave to amend their Complaint.**

When, as here, a motion for leave to amend the pleadings was filed after the deadline for seeking leave to amend has expired, the court must first determine whether to modify the scheduling order under the good cause standard of Fed. R. Civ. P. 16(b)(4), considering four factors: "(1) the explanation for the failure to timely [file the motion]; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S & W Enters., L.L.C. v. S. Tr. Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003) (citation, internal quotation marks, and brackets omitted). The court considers the four factors holistically and "does not mechanically count the number of factors that favor each side." *EEOC v. Serv. Temps, Inc.*, Civil Action No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, C.J.), *aff'd*, 679 F.3d 323 (5th Cir. 2012).

"The 'good cause' standard focuses on the diligence of the party seeking to modify the scheduling order." *Cut-Heal Animal Care Prods., Inc. v. Agri-Sales Assocs., Inc.*, Civil Action No. 3:07–CV–1816–D, 2009 WL 305994, at *1 (N.D. Tex. Feb. 9, 2009) (Fitzwater, C.J.); *see also S & W Enters.*, 315 F.3d at 535. Mere inadvertence on the part of the movant, and the absence of prejudice to the nonmovant, are insufficient to establish "good cause." *Id.*; *see also Geiserman v.*

34

*MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). "Instead, the movant must show that, despite her diligence, she could not reasonably have met the scheduling deadline." *Matamoros v. Cooper Clinic*, Civil Action No. 3:14–CV–0442–D, 2015 WL 4713201, at *2 (N.D. Tex. Aug. 7, 2015) (citing *S & W Enters.*, 315 F.3d at 535). Only if the movant first satisfies the requirements of Rule 16(b)(4) must the court next determine whether to grant leave to amend under the more liberal standard of Rule 15(a)(2), which provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also S & W Enters.*, 315 F.3d at 536; *Valcho v. Dallas Cnty. Hosp. Dist.*, 658 F. Supp. 2d 802, 814 (N.D. Tex. 2009). Even then, the district court is entrusted with the discretion to grant or deny a motion to amend, considering a variety of "warning factors" including undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by previous amendments allowed, undue prejudice to the opposing party, and futility of the amendment. *Anokwuru v. City of Houston*, 990 F.3d 956, 960 (5th Cir. 2022) (citing *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)).

In the court below, Appellants argued that good cause existed because "there was no need for [Appellants] to amend their complaint prior to [Judge Werlein's Houston Order]" granting Houston Police Chief's motion for judgment on the pleadings. ROA.902. That is not good cause, which focuses on

the movant's diligence and inability to meet deadlines. In fact, Appellants' explanation raises an inference of bad faith justifying denial of their motion. *See Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) (commenting that these circumstances might give rise to an inference of bad faith, justifying denial of a briefly delayed but timely motion for leave to amend–before expiration of the scheduling order deadline). As this Court explained in *Wimm v. Jack Eckerd Corporation*:

> [a party's] awareness of facts and failure to include them in the complaint might give rise to the inference that the [party] was engaging in tactical maneuvers to force the court to consider various theories seriatim. In such a case, where the movant first presents a theory difficult to establish but favorable and, only after that fails, a less favorable theory, denial of leave to amend on the grounds of bad faith may be appropriate.

3 F.3d 137, 138 (5th Cir. 1993) (holding the trial court correctly found that the motion for leave to amend was filed in bad faith and with dilatory motive; plaintiffs knew of the additional facts but waited for nine months to attempt to add them and did not do so until summary judgment was imminent).

The record establishes that Appellants had considered filing a second amended complaint as early as October 21, 2021, after the entry of Judge Gilmore's Order, denying in part the Defendants' motions to dismiss. However, after at least one Defendant expressed their intent to move to dismiss any

amended complaint, Appellants indicated they may not amend after all.

Appellants' counsel wrote on October 21, 2021:

> Although the parties had previously discussed streamlined proceedings for Plaintiffs' proposed amendment of their complaint in order to avoid duplicative motion to dismiss briefing, the Harris County Defendants have now informed us that if an amended complaint is filed, they will file a second motion to dismiss.

> We are consulting with our clients and have not made a final decision, but in light of this, and to avoid unnecessarily complicating and delaying this case, Plaintiffs may not seek leave to file an amended complaint.

ROA.1543.

Thus, Appellants made a strategic choice not to amend their pleadings to cure defects known to them since this case's inception.

Appellants failed to show that, despite their diligence, they could not have reasonably met the scheduling deadline. *S & W Enters.*, 315 F.3d at 535. They made no attempt to explain their failure to seek leave to amend until almost eleven months after the deadline expired, after discovery closed and motions for summary judgment had been filed. They admitted they only sought leave to amend because the Court dismissed their claims against Houston Police Chief. ROA.902.

The proposed amended complaint contains no allegations that were unavailable to the Plaintiffs prior to the expiration of the deadline to seek leave to amend. *See Mitsubishi Aircraft Int'l, Inc. v. Brady*, 780 F.2d 1199, 1203 (5th Cir.

1986) (stating that failure to urge a claim which is "usually apparent at the outset of a case … strongly suggests either a lack of diligence … or a lack of sincerity"); *cf. Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 391 (5th Cir. 1985) (holding that district court abused its discretion by denying leave to amend where movant "asked for amendment promptly upon discovering the basis for new allegations"); *Barrett v. Indep. Order of Foresters*, 625 F.2d 73, 75 (5th Cir. 1980) (affirming denial of leave to amend, although bad faith and dilatory motive not found, where "amendment sought to add several new parties and additional counts," and "even though the motion was not filed until nearly ten months after the original complaint, there would appear to be no matters … which could not have been raised initially"); *Layfield v. Bill Heard Chevrolet Co.*, 607 F.2d 1097, 1099 (5th Cir. 1979) (upholding denial of leave to amend, although bad faith and dilatory motive not found, where "all of the facts relevant to the proposed amendment were known to the [movant] at the time she filed her original complaint"), *cert. denied*, 446 U.S. 939 (1980).

Accordingly, the District Court properly acted within its discretion when denying Appellants' motion for leave to amend their complaint.

## Prayer for Relief

For the foregoing reasons, Appellee Chief of Houston Police Department Troy Finner asks that this Court affirm the judgment of the District Court, and grant all other relief to which he may be entitled.

Respectfully submitted,

ARTURO G. MICHEL
City Attorney
SUZANNE R. CHAUVIN
Chief, General Litigation Section

By:   */s / Donald B. Hightower*
Donald B. Hightower
Senior Assistant City Attorney
SBN: 24062780
donald.hightower@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:   832.393.6429
Facsimile:    832.393.6259

*Attorneys for Defendant-Appellee Chief of Houston Police Department Troy Finner*

39

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by CM/ECF on September 25, 2023 on all counsel of record:

*/s/ Donald B. Hightower*
Donald B. Hightower

## Certificate of Compliance

This brief complies with the type-volume limitation of Fed. R. App. P. 32(g)(1) and 27(d)(2)(a) in that it contains 8,997 words. It also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) in that it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in Calisto MT 14 point font.

*/s/ Donald B. Hightower*
Donald B. Hightower