No. 23-20165

# In the United States Court of Appeals for the Fifth Circuit

BAY AREA UNITARIAN UNIVERSALIST CHURCH; DRINK HOUSTON BETTER, L.L.C., doing business as Antidote Coffee; PERK YOU LATER, L.L.C.,

*Plaintiffs-Appellants*

v.

HARRIS COUNTY DISTRICT ATTORNEY KIM OGG; COUNTY SHERIFF ED GONZALEZ; WEBSTER ACTING CHIEF PETE BACON; CHIEF OF HOUSTON POLICE DEPARTMENT TROY FINNER,

*Defendants-Appellees.*

Appeal from the United States District Court for the Southern District of Texas In Case No. 4:20-cv-3081, The Honorable Ewing Werlein, Jr., Presiding.

## PRINCIPAL BRIEF OF APPELLEES' HARRIS COUNTY ATTORNEY KIM OGG AND HARRIS COUNTY SHERIFF ED GONZALEZ

Moustapha Gassama
Harris County Attorney's Office
Texas State Bar No. 24083058
Federal Bar No. 3588433
1019 Congress, 15th floor
Houston, Texas 77002
[Tel.] (713) 274-5134
[Fax] (713) 755-8924

ATTORNEY FOR APPELLEES' HARRIS COUNTY DISTRICT ATTORNEY KIM OGG AND HARRIS COUNTY SHERIFF ED GONZALEZ

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

A.     Parties:

*Plaintiffs-Appellants:*   Bay Area Unitarian Universalist
         Drink Houston Better, LLC., doing business as
         Antidote Coffee
         Perk You Later, LLC

*Defendants-Appellees*:   Kim Ogg, Harris County District Attorney
         Ed Gonzalez, Harris County Sheriff
         Pete Bacon, Webster Chief of Police
         Troy Finner, Chief of Houston Police Department

B.     Parties' Attorneys:

*Plaintiffs-Appellants*:   Alla Lefkowitz
         Andrew Nellis
         Everytown Law
         P.O. Box 14780
         Washington, D.C. 20044
         [Tel.] (202) 545-3257
         aleftowitz@everytown.org

         Ryan Gerber
         Laura Keeley
         Everytown Law
         450 Lexington Ave.
         P.O. Box 4184
         New York, NY 10017
         [Tel.] (646) 324-8198
         rgerber@everytown.org

Charlotte H. Taylor
Counsel of Record
Jones Day
51 Louisiana Ave., NW
Washington, D.C. 20001
[Tel.] (202) 879-3872
ctaylor@jonesday.com

William R. Taylor
Jones Day
717 Texas Street, Suite 3300
Houston, Texas 77002
[Tel.] (832) 239-3860
wrtaylor@jonesday.com

*Defendants-Appellees*:     Harris County District Attorney Kim Ogg and
Harris County Sheriff Ed Gonzalez

Moustapha Gassama
Senior Assistant County Attorney
Moustapha.Gassama@HarrisCountyTX.gov
Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002
[Tel.]  (713) 755-5101

Chief of Houston Police Department Troy Finner

Donald B. Hightower
Senior Assistant City Attorney
Donald.Hightower@HoustonTX.gov
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
[Tel.] (832) 393-6429
Webster Police Chief Pete Bacon

William S. Helfand
Bill.Helfand@LewisBrisbois.com
Justin C. Pfeiffer
Justin.Pfeiffer@LewisBrisbois.com
Lewis Brisbois Bisgaard & Smith, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
[Tel.] (713) 659-6767

DATED:    SEPTEMBER 25, 2023    */s/ Moustapha Gassama*
MOUSTAPHA GASSAMA

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not necessary in this case. The district court correctly dismissed Appellants Bay Area Unitarian Universalist Church; Drink Houston Better, LLC d/b/a Antidote Coffee; and Perk You Later, LLC (collectively "Appellants") claims against Harris County District Attorney Kim Ogg, and Harris County Sheriff Ed Gonzalez (collectively "County Appellees"). To the extent the Court may find oral argument helpful, County Appellees would be happy to appear.

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ........................................................ II

STATEMENT REGARDING ORAL ARGUMENT ............................................... V

TABLE OF CONTENTS .........................................**ERROR! BOOKMARK NOT DEFINED.**

TABLE OF AUTHORITIES ......................................................................... VII

JURISDICTIONAL STATEMENT ....................................................................1

STATEMENT OF THE ISSUES .......................................................................1

STATEMENT OF THE CASE ..........................................................................1

STANDARD OF REVIEW..............................................................................1

SUMMARY OF THE ARGUMENT ...................................................................2

THE DISTRICT COURT PROPERLY DISMISSED APPELLANTS' CLAIMS AGAINST COUNTY
   APPELLEES AS APPELLANTS. ..................................................................2

ARGUMENT ..............................................................................................2

   I.   THE DISTRICT COURT CORRECTLY DETERMINED THE DEFENDANTS LACK
        STANDING TO SUE. ..........................................................................2
        A. NO INJURY TO FACT .................................................................... 3
        B. THE APPELLANTS' CLAIMS ARE NOT RIPE BECAUSE APPELLANTS'
           FACTS DO NOT DEMONSTARTE THAT A LIVE CASE OF CONTROVERSY
           EXISITS BETWEEN APPELLANTS AND COUNTY DEFENDANTS..............6

CONCLUSION ...........................................................................................8

CERTIFICATE OF ELECTRONIC COMPLIANCE ............................................10

CERTIFICATE OF COMPLIANCE ................................................................11

CERTIFICATE OF SERVICE........................................................................12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Laboratories v. Gardner*,
  387 U.S. 136 ..................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .......................2

*Babbitt v. United Farm Workers Nat. Union*,
  442 U.S. 289 (1979)........................................................................3

*California v. Texas*,
  141 S. Ct. 2104 (2021).....................................................................3

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013)........................................................................4

*Dickinson Leisure Indus., Inc. v. City of Dickinson*,
  329 F. Supp. 2d 835 (S.D. Tex. 2004)...............................................7

*Edionwe v. Bailey*,
  860 F.3d 287 (5th Cir. 2017) ...........................................................1

*Hardwick v. Doolittle*,
  558 F.2d 292 (5th Cir. 1977) ...........................................................4

*Jefferies v. Allen*,
  No. CIV. A. 08-1888, 2009 WL 536051 (W.D. La. Mar. 3, 2009)........5

*Johnson v. Johnson*,
    385 F.3d 503 (5th Cir. 2004) ................................................................1

*Lopez v. City of Houston*,
    617 F.3d 336 (5th Cir. 2010) ...............................................................7

*Lower Colorado River Auth. v. Papalote Creek II, L.L.C.*,
    858 F.3d 916 (5th Cir. 2017) ...............................................................6

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)...........................................................................2, 6

*McGruder v. Necaise*,
    733 F.2d 1146 (5th Cir. 1984) .............................................................4

*Montoya v. FedEx Ground Package Sys., Inc.*,
    614 F.3d 145 (5th Cir. 2010) ...............................................................2

*Muniz v. Am. Home Mortg. Servicing, Inc.*,
    No. A-10- CV-588 JRN, 2010 WL 11652138 (W.D. Tex. Dec. 29, 2010) ...........5

*Nat'l Rifle Ass'n of Am., Inc. v. McCraw*,
    719 F.3d 338 (5th Cir. 2013) ...............................................................3

*Oliver v. Collins*,
    904 F.2d 278 (5th Cir. 1990) ...............................................................5

*Sample v. Morrison*,
    406 F.3d 310 (5th Cir.2005) ................................................................6

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014)...................................................................................4

*Texas v. United States*,
    497 F.3d 491 (5th Cir.2007) ....................................................................7

*Thomas v. Union Carbide Agric. Prods. Co.*,
    473 U.S. 568, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)..........................7

*United States v. Cox*,
    342 F.2d 167 (5th Cir. 1965) ...................................................................4

*United States v. Lawrence*,
    179 F.3d 343 (5th Cir. 1999) ...................................................................4

*United States v. Molina*,
    530 F.3d 326 (5th Cir. 2008) ...................................................................5

*United States v. Woody*,
    2 F.2d 262 (D. Mont. 1924)......................................................................4

*Younger v. Harris*,
    401 U.S. 37 (1971)....................................................................................3

**Statutes**

28 U.S.C. § 1291 ...........................................................................................1

28 U.S.C. § 1331 ...........................................................................................1

**Rules**

FED. R. APP. 32(A)(5) ...................................................................................11

FED. R. APP. 32(A)(6) ...............................................................11

FED. R. APP. 32(A)(7)(B) ........................................................11

FED. R. APP. 32(F) ...................................................................11

Fed. R. App. P. 28(i) ....................................................... 1, 2, 8

Federal R. App. P. 25(d)(3) ...................................................12

FIFTH CIRCUIT RULE 32.2 ........................................................11

## JURISDICTIONAL STATEMENT

The district court entered final judgment on March 16, 2023, [ROA.2149-2151], and Appellants timely filed their notice of appeal on April 14, 2023, [ROA.2175-2176]. The district court had federal question jurisdiction over this case under 28 U.S.C. § 1331This Court has appellate jurisdiction under 28 U.S.C. § 1291

## STATEMENT OF THE ISSUES

Pursuant to Fed. R. App. P. 28(i), County Appellees join in and adopt by reference the Statement of issues in the Principle Brief of Appellee Webster Chief of Police Pete Bacon ("Webster's Response Brief").

## STATEMENT OF THE CASE

Pursuant to Fed. R. App. P. 28(i), County Appellees join in and adopt by reference the Statement of the Case in Webster's Response Brief.

## STANDARD OF REVIEW

Pursuant to Fed. R. App. P. 28(i), County Appellees join in and adopt by reference the Standard of Review in Webster's Response Brief. Additionally:

A district court's grant of a Rule 12(c) motion for judgment on the pleadings is reviewed de novo. *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529

(5th Cir. 2004). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A claim is plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010).

## SUMMARY OF THE ARGUMENT

Pursuant to Fed. R. App. P. 28(i), County Appellees join in and adopt by reference the Summary of the Argument in Webster's Response Brief. Additionally:

The District Court properly dismissed Appellants' claims against County Appellees as Appellants.

## ARGUMENT

Pursuant to Fed. R. App. P. 28(i), County Appellees join in and adopt by reference the Argument in Webster's Response Brief. Additionally:

### I. THE DISTRICT COURT CORRECTLY DETERMINED THE DEFENDANTS LACK STANDING TO SUE.

To establish standing, Plaintiffs must show (1) an injury-in-fact that is (2) fairly traceable to County Appellees' conduct, and (3) that Plaintiffs' injury will be redressed by a decision in their favor. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). In other cases where parties have attempted to challenge statutes that were not enforced against them, courts have found a lack of injury sufficient to confer

standing. *See, e.g.*, *California v. Texas*, 141 S. Ct. 2104, 2114 (2021) (collecting cases and noting that "[o]ur cases have consistently spoken of the need to assert an injury that is the result of a statute's actual or threatened *enforcement*, whether today or in the future."); *Babbitt v. United Farm Workers Nat. Union*, 442 U.S. 289, 298 (1979) ("A plaintiff who challenges a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement."); *Nat'l Rifle Ass'n of Am., Inc. v. McCraw*, 719 F.3d 338, 345 (5th Cir. 2013) (same).

## A. NO INJURY TO FACT

The Acts challenged here are not enforceable against Appellants, and Appellants "do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible." *Younger v. Harris*, 401 U.S. 37, 42 (1971). Accordingly, Appellants cannot establish injury because (1) the Acts are not enforceable against Appellants, and (2) "there is no action—actual or threatened—whatsoever" by County Appellees against Appellants under the Acts. *California*, 141 S. Ct. at 2115.

Appellants allege that the Harris County District Attorney is responsible for prosecuting felonies that Ed Gonzalez, as Harris County Sherriff, is responsible for enforcing criminal violations in Harris County. ROA.31. Appellants, however, do not allege any additional facts in relation to County Officials. Appellants do not allege that County Appellees have ever denied police protection to them. ROA. 5-

53. Likewise, although "[a]n allegation of future injury may suffice if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur," Appellants make no allegations suggesting that County Appellees will deny future protection to them. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)).ROA.878.

Moreover, Appellants are not injured by County Appellees potentially not prosecuting hypothetical trespassers in the future under unknown factual circumstances. It is one of the bedrock principles of criminal law that prosecutors have discretion in determining which cases to pursue and whether to file charges against a particular person accused of a crime. *See, e.g.*, *United States v. Cox*, 342 F.2d 167, 191 (5th Cir. 1965) ("The district attorney has absolute control over criminal prosecutions, and can dismiss or refuse to prosecute, any of them at his discretion. The responsibility is wholly his." (quoting *United States v. Woody*, 2 F.2d 262, 262 (D. Mont. 1924))); *McGruder v. Necaise*, 733 F.2d 1146, 1148 (5th Cir. 1984) ("The decision to initiate, maintain, or dismiss criminal charges is at the core of the prosecutorial function."); *Hardwick v. Doolittle*, 558 F.2d 292, 301 (5th Cir. 1977) ("We recognize that there is a broad ambit to prosecutorial discretion, most of which is not subject to judicial control."); *United States v. Lawrence*, 179 F.3d 343, 347 (5th Cir. 1999) (noting that "[i]n our criminal justice system, the

4

decision whether to prosecute an individual is vested with the government" and that the decision whether to prosecute is generally not subject to judicial review); *United States v. Molina*, 530 F.3d 326, 332 (5th Cir. 2008) ("The government has great discretion in deciding whether, and which offenses, to prosecute.").

Moreover, "[i]ndividuals lack the capacity to bring criminal charges, and criminal charges are no basis for liability against a party." *Muniz v. Am. Home Mortg. Servicing, Inc.*, No. A-10- CV-588 JRN, 2010 WL 11652138, at *3 (W.D. Tex. Dec. 29, 2010), *report and recommendation adopted*, No. A-10-CA-588-JRN, 2011 WL 13324353 (W.D. Tex. Jan. 21, 2011). Appellants do not have a right to have an accused individual criminally prosecuted, nor are they injured by someone not being prosecuted. *See id.*; *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990) (Appellants in civil cases do not have a right to have someone criminally prosecuted); *Jefferies v. Allen*, No. CIV. A. 08-1888, 2009 WL 536051, at *3 (W.D. La. Mar. 3, 2009) (private citizens do not have a constitutional right to have an individual criminally prosecuted). Appellants are especially not injured by hypothetical offenders not being prosecuted, and Appellants do not allege that County Appellees have ever refused to prosecute a real person who violated the Texas Penal Code.

Appellants have not established an injury because the alleged failure by County Appellees to prosecute hypothetical offenders are not "an invasion of a

legally protected interest which is (a) concrete and particularized," and "(b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560. As the district court stated in its September 29, 2022 Order, Appellants have failed to meet their burden to allege a plausible set of facts establishing "a concrete and particularized," and "actual or imminent," injury in fact for which Appellees are responsible. Appellants have no right to have individuals criminally prosecuted and already receive police protection; thus, Appellants lack standing to bring this suit against County Appellees.ROA.878.

### B. THE APPELLANTS' CLAIMS ARE NOT RIPE BECAUSE APPELLANTS' FACTS DO NOT DEMONSTRATE THAT A LIVE CASE OF CONTROVERSY EXISTS BETWEEN APPELLANTS AND COUNTY APPELLEES

Ripeness is a component of subject matter jurisdiction because a court has no power to decide disputes that are not yet justiciable. *See Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir.2005) (per curiam). Article III of the Constitution confines federal courts to adjudicating "cases" and "controversies." *Lower Colorado River Auth. v. Papalote Creek II, L.L.C.*, 858 F.3d 916, 922 (5th Cir. 2017), cert. denied, 138 S. Ct. 747, 199 L. Ed. 2d 608 (2018) (citation omitted). Article III requires that the "litigation must be ripe for decision, meaning that it must not be premature or speculative." *Id.* (citation and internal quotation marks omitted). Accordingly, "ripeness is a constitutional prerequisite to the exercise of jurisdiction." *Id.* (citation and internal quotation marks omitted).

When the case is abstract or hypothetical, the court should dismiss it for lack of ripeness. See *Lopez v. City of Houston*, 617 F.3d 336, 341–42 (5th Cir. 2010). To determine ripeness, the court evaluates "(1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration." *Id.* (citing *Texas v. United States*, 497 F.3d 491, 498 (5th Cir.2007), cert. denied, 555 U.S. 811, 129 S.Ct. 32, 172 L.Ed.2d 18 (2008)). When the "purported injury is 'contingent [on] future events that may not occur as anticipated, or indeed may not occur at all,' the claim is not ripe for adjudication." *Id.* (citing *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985)).

In this case, Appellants failed to allege sufficient facts or conduct that implicates County Appellees' involvement in the drafting, enactment, or enforcement of the. ROA.30–55. The ripeness doctrine "protect[s] the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49; *see also, e.g., Dickinson Leisure Indus., Inc. v. City of Dickinson*, 329 F. Supp. 2d 835, 842 (S.D. Tex. 2004). Here, Appellants have not felt the effects of the Acts in a concrete way and cannot establish injury that is concrete and particularized or actual and imminent. Appellants claim that that the District Court "impermissibly drew inferences on material fact questions in Harris

County's favor". Appellants' Brief, p. 27. Appellants, however, do not support this conclusory statement. Appellants have failed to allege facts that demonstrate any present, past, or future harm from County Appellees. These failures, in turn, render this case "abstract and hypothetical".

## CONCLUSION

Pursuant to Fed. R. App. P. 28(i), County Appellees join in and adopt by reference the Conclusion in Webster's Response Brief. Additionally:

This Court should affirm in all respects the district court's dismissal of Appellants lawsuit against County Appellees.

DATED:    SEPTEMBER 25, 2023    RESPECTFULLY SUBMITTED,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY
**JONATHAN G.C. FOMBONNE**
DEPUTY AND FIRST ASSISTANT
HARRIS COUNTY ATTORNEY
**TIFFANY S. BINGHAM**
MANAGING COUNSEL,
AFFIRMATIVE LITIGATION DIVISION

*/s/ Moustapha Gassama*
**MOUSTAPHA GASSAMA**
Assistant County Attorney
*Moustapha.Gassama@HarrisCountyTX.gov*
**OFFICE OF THE HARRIS COUNTY**
**ATTORNEY**
1019 Congress Plaza, 15th Floor
Houston, Texas 77002
[Tel.] (713) 274-5101
[Fax] (713) 755-8924

ATTORNEYS FOR APPELLEES KIM OGG, DISTRICT ATTORNEY FOR HARRIS COUNTY, IN HER OFFICIAL CAPACITY, AND ED GONZALEZ, COUNTY SHERIFF FOR HARRIS COUNTY, IN HIS OFFICIAL CAPACITY

## CERTIFICATE OF ELECTRONIC COMPLIANCE

I certify that (1) the required privacy redactions have been made, 5th. Cir. R. 25.2.13; (2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses. I will mail the correct number of paper copies of the foregoing document to the Clerk of the Court when requested.

DATED:        SEPTEMBER 25, 2023          */s/ Moustapha Gassama*
                                                          MOUSTAPHA GASSAMA

## CERTIFICATE OF COMPLIANCE

1.  This brief complies with the type-volume limit of Fifth Circuit Rule 32.2 and Fed. R. App. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. 32(f), this brief contains 1736 words. Fed. R. App. 32(a)(7)(B).

2.  This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type-style requirements of Fed. R. App. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Windows, in Times New Roman 14-point typeface, except for footnotes, which are in Times New Roman 12-point typeface. Case names are italicized or underlined.

DATED:     SEPTEMBER 25, 2023          */s/ Moustapha Gassama*
                                        MOUSTAPHA GASSAMA

## CERTIFICATE OF SERVICE

In compliance with Federal Rule of Appellate Procedure 25(d)(3) and Fifth

Circuit Rule 25.2.5, I hereby that on September 25, 2023, I electronically filed the

**PRINCIPAL BRIEF OF APPELLEES HARRIS COUNTY DISTRICT ATTORNEY KIM OFF AND HARRIS COUNTY SHERIFF ED GONZALEZ**

with the Clerk of the United States Court of Appeals for the Fifth Circuit by

using the appellate CM/ECF system.


DATED:      SEPTEMBER 25, 2023          */s/ Moustapha Gassama*
                                        MOUSTAPHA GASSAMA