No. 23-20165

# *In the United States Court of Appeals for the Fifth Circuit*

———————————————————————

*Bay Area Unitarian Universalist Church; Drink Houston Better, L.L.C., doing business as Antidote Coffee; Perk You Later, L.L.C.,*

*Plaintiffs - Appellants*

v.

*Harris County District Attorney Kim Ogg; County Sheriff Ed Gonzalez; Webster Acting Chief Pete Bacon; Chief of Houston Police Department Troy Finner; City of Webster,*

*Defendants - Appellees.*

———————————————————————

On Appeal from the United States District Court for the
Southern District of Texas Houston Division
(Case Nos. 4:20-cv-3081)
The Honorable Ewing Werlein, Jr., Presiding.

———————————————————————

## APPELLEE WEBSTER ACTING POLICE CHIEF PETE BACON'S BRIEF ON REHEARING EN BANC

———————————————————————

William S. Helfand
Sean M. Higgins
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Bill.Helfand@lewisbrisbois.com
Sean.Higgins@lewisbrisbois.com
[Tel.] (713) 659-6767
[Fax] (713) 759-6830

**Attorneys for Appellee Webster Acting Police Chief Pete Bacon**

# CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

A.    Parties:

       Plaintiffs/Appellants:  Bay Area Unitarian Universalist Church

                                   Drink Houston Better, L.L.C., doing business as Antidote Coffee

                                   Perk You Later, L.L.C.

       Defendant/Appellee:  Harris County District Attorney Kim Ogg

                                   County Sheriff Ed González

                                   Webster Police Chief Pete Bacon

B.    Attorneys:

       Plaintiffs/Appellants:  Charlotte Taylor, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001
Email: ctaylor@jonesday.com
Direct: 202-879-3872
Fax: 202-626-1700

William Roquemore Taylor
Jones Day
Suite 3300
717 Texas Street
Houston, TX 77002
Email: wrtaylor@jonesday.com
Direct: 832-239-3860
Fax: 832-239-3600

Ryan Gerber
Email: rgerber@everytown.org
Direct: 646-324-8198
Laura Keeley
Email: lkeeley@everytown.org
Direct: 724-816-7401
Everytown Law
450 Lexington Avenue
New York, NY 10017

Alla Lefkowitz
Email: alefkowitz@everytown.org
Direct: 202-545-3257
Andrew Lieb Nellis
Email: anellis@everytown.org
Direct: 202-517-6621
Everytown Law
P.O. Box 14780
Washington, DC 20044

Defendant/Appellee:  Harris County District Attorney Kim Ogg
and County Sheriff Ed González

Heena Kepadia
Email: heena.kepadia@harriscountytx.gov
Direct: 713-274-5390
Moustapha Gassama
Email:
moustapha.gassama@harriscountytx.gov

Direct: 713-274-5101
Harris County Attorney's Office
15th Floor
1019 Congress Street
Houston, TX 77002

Defendant/Appellee:   Chief of Houston Police Department
Troy Finner

Donald B. Hightower
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
donald.hightower@houstontx.gov
Tel:   (832) 393-6429
Fax:  (832) 393-6259

Defendant/Appellee:   Webster Police Chief Pete Bacon

William S. Helfand
bill.helfand@lewisbrisbois.com
Sean M. Higgins
sean.higgins@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Tel:  (713) 659-6767
Fax: (713) 759-6830


DATED:      December 5, 2025            */s/ Sean M. Higgins*
Sean M. Higgins

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES............................................i

TABLE OF CONTENTS ........................................................iv

TABLE OF AUTHORITIES......................................................vi

ISSUES PRESENTED FOR REVIEW ......................................ix

STATEMENT OF THE CASE ................................................1

  A.  Statement of relevant facts.........................................1

    1.  The trespass statute..........................................1

    2.  Plaintiffs' allegations. .......................................2

    3.  The Webster Police Department does not treat the Church differently based on the Church's decision not to display a notice under Section 30.06. ..........................................3

  B.  The course of proceedings. ......................................5

    1.  Proceedings in the district court.................................5

    2.  Proceedings in this Court......................................6

SUMMARY OF THE ARGUMENT ......................................8

THE STANDARD OF REVIEW...........................................11

ARGUMENT .................................................................11

  A.  The Church does not have an injury in fact. ....................12

    1.  The criminal trespass statutes do not impose requirements or penalties on the Church..........................................13

    2.  The statutes do not subject Plaintiffs to an unconstitutional condition. ....................................................15

    3.  The Church has no injury, whether it chooses to post the statutory signs or not.............................................16

    4.  The Church's injury, if any, is remote, speculative, and conjectural. ...................................................18

  B.  The Church does not have a redressable injury.........................20

    1.  Declaratory relief will not provide redress. ...................21

2.  Injunctive relief will not provide redress....................................22

C.  The Church fails to show an injury that is fairly traceable to Chief Bacon. ................................................................................24

CONCLUSION ...................................................................................26

CERTIFICATE OF SERVICE.................................................................27

CERTIFICATE OF COMPLIANCE.........................................................28

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Wright,*
468 U.S. 737 (1984)..........................................................21

*Bay Area Unitarian Universalist Church v. Ogg,*
2025 WL 1066187 (5th Cir. April 9, 2025) ......6, 7, 8, 13, 15, 17, 19, 25

*Beltran v. City of El Paso,*
367 F.3d 299 (5th Cir. 2004)............................................16

*California v. Texas,*
593 U.S. 659 (2024)..........................................................21

*Davis v. FEC,*
554 U.S. 724 (2008)....................................................6, 7, 13

*DeShaney v. Winnebago County Dep't of Soc. Servs.,*
489 U.S. 189 (1989)..........................................................15

*Diamond Alternative Energy, LLC v Environmental
Protection Agency,*
145 S.Ct. 2121 (2025)................................................20, 21

*Disability Rights S. Carolina v. McMaster,*
24 F.4th 89 (4th Cir. 2022) ..............................................24

*E.T. v. Paxton,*
41 F.4th 709 (5th Cir. 2022)............................................12

*FDA v. Alliance for Hippocratic Medicine,*
602 U.S. 367 (2024)..........................................................20

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC),
Inc.,*
528 U.S. 167 (2000)..........................................................20

*Inclusive Cmtys. Project, Inc. v. Dep't of Treasury,*
946 F.3d 649 (5th Cir. 2019)............................................20

*Leeke v. Timmerman*
    454 U.S. 83 (1981) ............................................................... 15

*Lefebure v. D'Aquilla,*
    15 F.4th 650 (5th Cir. 2021) .................................... 15, 18, 24

*Linda R.S. v. Richard D.,*
    410 U.S. 614 (1973) ............................................................. 15

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ............................................................. 12

*McKee v. City of Rockwall,*
    877 F.2d 409 (5th Cir. 1989) .............................................. 16

*McKinney v. Irving Independent School Dist.,*
    309 F.3df 308 (5th Cir. 2002) ............................................. 16

*Okpalobi v. Foster,*
    244 F.3d 405 (5th Cir. 2001) (en banc) ..................... 12, 23, 24, 25, 26

*Perkins v. Cabana,*
    794 F.2d 168 (5th Cir.), cert. denied, 479 U.S. 936 (1986) ................ 23

*Robertson v. U.S. ex rel Watson,*
    560 U.S. 272 (2010) (Roberts, C.J., dissenting) ................................. 24

*Schall v. Martin,*
    467 U.S. 253 (1984) ............................................................. 23

*Simon v. E. Ky. Welfare Rights Org.,*
    426 U.S. 26 (1976) ............................................................... 24

*Smallwood v. Johnson,*
    73 F.3d 1343 (5th Cir. 1996) .............................................. 23

*Spokeo v. Robins,*
    578 U.S. 330 (2016) ............................................................. 12

*Spriggs v. United States,*
    132 F.4th 376 (5th Cir. 2025) ............................................. 11

*Time Warner Cable, Inc. v. Hudson,*
  667 F.3d 630 (5th Cir. 2012) .......................................................... 6, 13

*Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,*
  454 U.S. 464 (1982) ........................................................................... 13

*Williamson v. Tucker,*
  645 F.2d 404 (5th Cir. 1981) ............................................................. 11

## Constitutionak provisions

U. S. Const. amend. I ............................................................................. 6, 13

U. S. Const. amend. II ................................................................................. 5

U. S. Const. amend. V and XIV .................................................................. 3

## Statutes

Tex. Penal Code § 30.05 ......................................................................... 1, 7

Tex. Penal Code § 30.05 et seq. ............................................................ 1, 14

Tex. Penal Code § 30.06 ............................................................. 1, 2, 3, 4, 18

Tex. Penal Code §§ 30.06, 30.07 .......................... 1, 2, 3, 14, 20, 21, 23, 25

Tex. Penal Code § 30.07 .............................................................. 1, 2, 3, 18

## Rules

Fed. R. Civ. P. 12(b)(1) ................................................................................ 5

# ISSUES PRESENTED FOR REVIEW

The district court correctly held the Church[1] lacks standing to sue Webster acting Police Chief Pete Bacon,[2] and amending the complaint would be futile, for the following reasons:

A.  The Church does not have an injury in fact because (1) the Church challenges criminal trespass statutes that, by definition, do not impose requirements upon and cannot be enforced against property owners, such as the Church; (2) the Church does not have a cognizable legal interest in seeing members of the public prosecuted for criminal trespass; (3) the Church may exercise the right to exclude carriers of concealed firearms, openly carried but holstered firearms, and others from its property regardless of whether the Church posts the notice signage specified in the trespass statutes; and (4) the Church's injury is purely hypothetical because, as even the Church admits, any "injury" stems from purely hypothetical conduct and because the evidence conclusively establishes that the Webster Police Department responds to

---

[1] Bay Area Unitarian Universalist Church.

[2] The Church is the only plaintiff located within the City of Webster and, therefore, the only plaintiff suing Chief Bacon.

trespass calls from the Church in the same manner as it responds to trespass calls from other members of the public, and does not treat the Church differently from property owners who post both statutory signs.

B. Even if the Church had a cognizable interest in prosecution of other members of the public and, therefore, an injury in fact, that injury would not be redressable by any judgment a court could possibly enter against Chief Bacon. The Church's purported injury stems from the elements of criminal trespass and defenses against criminal trespass enacted by the Texas Legislature, none of which are requirements enforced against the Church. The Texas Legislature is the only body with the authority to rewrite the criminal trespass statute to remove these elements and defenses. And any judgment against Chief Bacon will not alter the statute and, therefore, cannot expand Chief Bacon's authority to enforce the statute against the public.

C. The Church does not have an injury traceable to Chief Bacon. Rather, the Church's complaint arises from the language of penal statutes enacted by the Texas Legislature.

# STATEMENT OF THE CASE

## A. Statement of relevant facts.

## 1. The trespass statute.

Trespass is a crime under the Texas Penal Code. Tex. Penal Code §30.05 et seq. The Legislature created three separate trespass offenses. Notice to the accused trespasser is an element of each offense.

Criminal trespass occurs under the general criminal trespass statute when a "person enters or remains on or in property of another . . . without effective consent," and "(1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so." Tex. Penal Code §30.05.

Two other provisions create a crime of trespass when a person carries a concealed handgun, Tex. Penal Code §30.06, or an unconcealed but holstered handgun, Tex. Penal Code §30.07, onto property without the effective consent of the property owner. As it is under the general trespass statute, notice by the landowner to the accused is an element of each crime. Tex. Penal Code §§30.06, 30.07. The element of notice under Sections 30.06 and 30.07 *may* be satisfied with proof of written notice **or** oral notice. *Id.*

Written notice for purposes of concealed carry trespass is proven when a property owner posts a sign stating:

> Pursuant to Section 30.06, Penal Code (trespass by license holder with a concealed handgun), a person licensed under Subchapter H, Chapter 411, Government Code (hand gun licensing law), may not enter this property with a concealed handgun.

Tex. Penal Code §30.06. Written notice for purposes of open carry trespass is proven when the owner posts a sign stating:

> Pursuant to Section 30.07, Penal Code (trespass by license holder with an openly carried handgun), a person licensed under Subchapter H, Chapter 411, Government Code (hand gun licensing law), may not enter this property with a handgun that is carried openly.

Tex. Penal Code §§30.07.

While both statutes permit property owners to post these written notices, neither statute requires a property owner to post the notices.

## 2. Plaintiffs' allegations.

The Plaintiffs, a Church and two coffee shops, do not wish to post either of the signs specified in Sections 30.06 and 30.07. They sued the Texas Attorney General, the presiding officer of the Texas Commission on Law Enforcement, the City of Webster Police Chief; the County Attorney, Sheriff and District Attorney of Harris County; and the

Houston Police Chief, for (1) a declaration that the signage elements in Sections 30.06 and 30.07 are unconstitutional, and (2) an injunction forbidding these defendants from enforcing what Plaintiffs self-servingly mislabel as "heightened notice requirements imposed by the Acts." ROA.55-ROA.56. Plaintiffs allege the signage provisions violate their freedom of speech under the United States and Texas Constitutions and their rights to due process under the Fifth and Fourteenth Amendments. ROA.52-ROA.55.

The Church is the only Plaintiff located within the City of Webster's geographic jurisdiction. The Church displays the open carry notice specified in §30.07 but does not post the concealed carry notice under §30.06. ROA.44.

### 3. The Webster Police Department does not treat the Church differently based on the Church's decision not to display a notice under Section 30.06.

The undisputed evidence demonstrates, the Church's choice not to display a notice sign under §30.06 does not in any way affect the Webster Police Department's response to trespass complaints by the Church. The Police Department responds to calls and investigates all trespass reports in the same manner irrespective of whether the complaint arises from

open or concealed carry of a firearm or from any of the many other potential grounds for a trespass complaint, and irrespective of whether the complaining property owner posted notices under Sections 30.06 or 30.07. ROA.1463. When the Department receives a call, the Department dispatches an officer to the site, the officer confirms the identity of the trespass suspect with the property owner, and the officer directs the trespass suspect to leave the property or face arrest. *Id.* By doing so, the officer both fulfills and confirms satisfaction of the notice element that must be proven under each of the three criminal trespass statutes and ensures that probable cause exists if the suspect does not leave and an arrest is necessary. In short, the Police Department does not adjust, limit, or withhold police protection from property owners who choose not to post notices under Sections 30.06 or 30.07. *Id.*

The Church's own experience is consistent with the Police Department's practice. During the five years preceding this lawsuit, Church Director Sharlen Rochen called the Webster Police on ten separate occasions. ROA.1455. The Webster Police responded on each occasion, ROA.1455, doing so in less than nine minutes on average. ROA.1456. Ms. Rochen testified the Church had absolutely no complaints

about or criticisms of the police response. ROA.1455. Ms. Rochen also testified the Church anticipates continuing to receive the same good response from the Police Department regardless of whether the Church chooses to post either sign. ROA.1460.

## B.    The course of proceedings.

### 1.    Proceedings in the district court.

Chief Bacon moved to dismiss the Church's claim under Fed. R. Civ. P. 12(b)(1) based on a lack of standing. ROA.241-ROA.268. The other Defendants also filed motions to dismiss. ROA.122-ROA.148, ROA.176-ROA.179, ROA.197-ROA.212.

The district court granted in part and denied in part Chief Bacon's motion to dismiss ROA.401-ROA.428 The district court denied Attorney General Paxton's and TCLE Presiding Officer Lemeiux's motion to dismiss, ROA.401-ROA.428, and both appealed citing Eleventh Amendment immunity. ROA.446-ROA.448. In response, Plaintiffs mooted the appeal by voluntarily dismissing their claims against the Attorney General and the TCLE Presiding Officer. ROA.456-ROA.458.

Following discovery, Chief Bacon filed a renewed motion to dismiss and, alternatively, for summary judgment, based on the Church's lack of

standing. ROA.1427-ROA.1466. The district court granted the motion. ROA.2126-ROA.2148.

## 2.     Proceedings in this Court.

Plaintiffs appealed. The case was submitted following oral argument to a panel of Judge Jones, Judge Dennis, and Judge Douglas. The panel reversed in a nonunanimous opinion written by Judge Dennis. Judge Jones dissented.

The majority held the statutes work a cognizable asymmetrical First Amendment injury on Plaintiffs. *Bay Area Unitarian Universalist Church v. Ogg,* 2025 WL 1066187 *3 (5th Cir. April 9, 2025) (citing *Davis v. FEC,* 554 U.S. 724, 732 (2008) and *Time Warner Cable, Inc. v. Hudson,* 667 F.3d 630, 635 (5th Cir. 2012)). The majority reasoned the statutes injure Plaintiffs by depriving them of "the deterrent value of the criminal laws" if they choose not to post the statutory notice signage. *Id.* at *4. The majority found this injury was fairly traceable to Defendants because Defendants are "the individuals charged with enforcement" of the statute. *Id.* at *5. Contrary to the undisputed evidence demonstrating the Webster Police responds to trespass calls in the same manner irrespective of whether the property owner displays the signage. The

majority found the Church has a redressable injury because a declaratory judgment and injunction would "remove the asymmetrical treatment at the hands of the government as Plaintiffs would be on equal footing with property owners who exclude other items via the less burdensome §30.05 compliant signage." *Id.*,

In her dissent, Judge Jones rejected the majority's finding of an asymmetrical injury because "plaintiffs' signs and other statutorily prescribed signs cover entirely different subjects." *Id.* at *6 (Jones, J., dissenting). Judge Jones criticized the majority's extension of *Davis* to this case. Whereas the regulation in *Davis* placed the plaintiff at a direct disadvantage for exercising the right to political speech, Judge Jones wrote, the trespass statutes in this case pose no "direct prospective injury or consequence" because "posting a less obtrusive sign on the premises for other reasons (e,g., no shirt, no shoes, no service, or No Dogs) causes no comparative injury vis a vis the no-guns posters." *Id.* at *7.

Judge Jones explained further that Plaintiffs did not suffer an adverse effect from choosing not to post the signs because, as the undisputed evidence shows, "Plaintiffs are not deprived of access to law enforcement to help them exclude trespassers carrying guns." *Id.* at 7.

With specific respect to the Church's claims against Chief Bacon, Judge Jones cited the undisputed evidence showing the Webster Police have always responded satisfactorily to the Church's calls for service and the police department does not treat the Church differently because the Church posts only one of the two statutory notices. *Id.* But, even apart from this evidence, Judge Jones explained, the signage requirement has no effect on Plaintiffs because a "verbal command or request [also] activates the statute," and the police make the command or request when called to any alleged trespass location. *Id.*

Judge Jones found further that there is no compelled speech. *Id.* at *8. "[N]ot only is nothing compelled, but there is no penalty attached to Plaintiffs' refusals to post the statutory language." *Id.*

## SUMMARY OF THE ARGUMENT

The Church is suing Chief Bacon for a declaration that the offense elements and defenses in two criminal trespass statutes are unconstitutional and for an injunction forbidding Chief Bacon from enforcing the statutory offense elements and defenses. The district court dismissed the Church's claim for lack of standing, but a panel majority of this Court reversed. The *en banc* Court should correct the panel

majority's error because none of the elements necessary for standing—injury in fact, redressability, and traceability—are present in this case.

The Church does not have an injury-in-fact for the simple reason that Chief Bacon does not and cannot enforce the criminal trespass statutes against property owners such as the Church. While the majority acknowledged the Church is not subject to the trespass statute, it still found the Church has an injury in fact because the criminal trespass statutes somehow deprive the Church of the deterrent value of criminal laws. The majority's conclusion is both legally and factually mistaken.

The majority's conclusion is legally mistaken because settled U.S. Supreme Court and Fifth Circuit precedent holds private citizens—including actual victims of actual crimes, which the Church is not—never have a cognizable legal interest seeing others prosecuted. The majority's conclusion is factually mistaken because the undisputed evidence establishes the Webster Police Department does not treat the Church differently than it treats all other property owners, both those who do and those who do not post the statutory notices.

Plaintiffs real quibble is with elements the Texas Legislature chose to require the state to prove to secure a conviction for criminal trespass.

Plaintiffs would like a federal court to rewrite the criminal statute. Of course, disagreement with the legislature is not a legal injury, and rewriting a criminal trespass statute is something a federal court must not do.

Even if the Church's legislative grievance constituted an injury in fact, which it does not, the Church would still lack standing because that grievance cannot be redressed by any possible judgment against Chief Bacon. This is a matter of common sense. Chief Bacon cannot enforce the criminal trespass statute without regard to the offense elements enacted by the Legislature. And, even if he could, nothing would change the police department's procedure whereby an officer responding to a trespass complaint, first, confirms notice by orally telling the suspected trespasser to leave the property and, second, makes a trespass arrest only if the suspect does not comply.

Finally, the Church's grievance is not traceable to Chief Bacon. Chief Bacon did not write the criminal trespass statutes. The Legislature did. And Chief Bacon cannot rewrite the criminal trespass statutes. Only the Legislature may. In short, the Texas Legislature wrote the statutes, and the Legislature is where the Church should seek redress for

its grievance.

## THE STANDARD OF REVIEW

A "district court ... has the power to dismiss for lack of subject-matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spriggs v. United States,* 132 F.4th 376, 379 (5th Cir. 2025) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)) (modifications by the court). Where, as here, the district court's order rests on the complaint supplemented by undisputed facts, the scope of review is "limited to determining whether the district court's application of the law is correct and, if the decision is based on undisputed facts, whether those facts are indeed undisputed." *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981). In such cases, the appellate court will apply a de novo standard of review. *Spriggs,* 132 F.4th at 379.

## ARGUMENT

This appeal concerns the single, threshold issue of standing. Standing requires (1) existence of an injury in fact to the plaintiff, (2) that

is fairly traceable to (caused by) the defendant, and (3) will "likely" be redressed by a judgment against the defendant. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). The plaintiff "bears the burden of establishing each of these elements." *Id.* "If any one of these elements— injury, causation, and redressability is absent, plaintiffs have no standing under Article III of the constitution to assert their claim." *Okpalobi v. Foster,* 244 F.3d 405, 425 (5th Cir. 2001) (en banc). The Church cannot demonstrate any, let alone every, element of standing.

### A.    The Church does not have an injury in fact.

The Church must demonstrate existence of an injury in fact; namely, a "concrete and particularized injury" that is "actual or imminent, not 'conjectural or hypothetical.'" *Lujan,* 504 U.S. at 560. Stated differently, "plaintiffs must show 'an invasion of a legally protected interest' that is both 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *E.T. v. Paxton,* 41 F.4th 709, 715 (5th Cir. 2022) (quoting *Spokeo v. Robins,* 578 U.S. 330, 339 (2016)). "The injury-in-fact requirement helps ensure that courts resolve legal questions 'not in the rarefied atmosphere of a debating society, but in a concrete and factual context conducive to a realistic appreciation of

the consequences of judicial action.'" *Time Warner Cable, Inc. v. Hudson,* 667 F.3d 630, 636 (5th Cir. 2012) (quoting *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 472 (1982)).

The majority held the Plaintiffs have standing because the criminal trespass statutes subject Plaintiffs "to a statutory scheme that treats varying types of similar speech differently," thereby causing Plaintiffs an asymmetrical First Amendment injury. *Ogg,* 2025 WL 1066187 at *3 (citing *Davis,* 554 U.S. at 732). The majority's reasoning is simply mistaken.

This case is nothing like that presented in *Davis.* The campaign finance statute at issue in *Davis* caused a First Amendment injury by penalizing the plaintiff for exercising his First Amendment right to use personal funds to finance campaign speech. *Davis,* 554 U.S. at 738-39. In this case, there can be no First Amendment injury because the criminal trespass statutes do not penalize the Church, and do not impose any requirements on the Church.

1. **The criminal trespass statutes do not impose requirements or penalties on the Church.**

By definition, the criminal trespass statutes are enforced against

members of the public who enter and remain on private property without permission after receiving notice of the lack of permission. The statutes are not enforced against owners of private property such as the Church. Tex Penal Code §§30.05 *et. seq.* The statutes do not *require* the Church or any other property owner to post signage or take any other action. Tex. Penal Code §§30.06, 30.07. The statutes do not subject property owners who do not post the statutory notice to prosecution, penalty, or differential treatment of any kind. *Id.*

Indeed, the statutes do not even require the Church to post statutory notice signage in order to exclude firearms from Church property. The Church is free to exclude firearms without posting statutory notice, and to use any medium, method or format to do so.

The trespass statutes do not impose any requirements on landowners. The statutes simply specify elements the State must prove in order to secure convictions for criminal trespass, including the form and method of written notice sufficient to support a conviction. But the statutes do not compel the Church or any other property owner to provide the specified notice, or any notice at all.

**2. The statutes do not subject Plaintiffs to an unconstitutional condition.**

The majority reasoned the criminal trespass statutes injure Plaintiffs by depriving them of the "deterrent value of criminal laws." *Ogg,* 2025 WL 1066187 at *3. In their *en banc* brief, Plaintiffs double down on this theory of injury, arguing Defendants' "adherence" to the offense elements adopted by the Legislature "means that the deterrent effect of the criminal law fully protects Plaintiffs' property rights only if they post conforming signs." En Banc Br. at 17.

The majority's reasoning and Plaintiffs' argument contradicts settled U.S. Supreme Court and Fifth Circuit precedent holding that citizens do not have a cognizable legal interest in the "deterrent value" of criminal statutes. "[I]n American jurisprudence, at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). "The prospect that prosecution . . . will result [in compliance] can, at best, be termed only speculative." *Id.* at 618; *accord, Leeke v. Timmerman* 454 U.S. 83, 86 (1981); *Lefebure v. D'Aquilla,* 15 F.4th 650, 652 (5th Cir. 2021); *cf., DeShaney v. Winnebago County Dep't of Soc. Servs.,* 489 U.S. 189, 195 (1989) (holding the Constitution does "does not, as a general

matter, require the government to protect the life, liberty and property of its citizens against invasion by private actors."); *Beltran v. City of El Paso*, 367 F.3d 299, 304 (5th Cir. 2004) (same); *McKinney v. Irving Independent School Dist.,* 309 F.3df 308 (5th Cir. 2002) (same); *McKee v. City of Rockwall*, 877 F.2d 409, 413-14 (5th Cir. 1989) (same).

The undisputed evidence also belies Plaintiffs' argument. The Church's corporate representative testified the Church never experienced and does not anticipate ever experiencing differential treatment of any kind based on the Church's signage choice. ROA.1455-ROA.1456, ROA.1460. And Chief Bacon testified the Police Department does not track or consider any landowner's use or non-use of the trespass signage and does not modulate its response to trespass complaints based on the presence of signage. ROA.1463.

### 3. The Church has no injury, whether it chooses to post the statutory signs or not.

Even if one assumes, *arguendo,* the Church has a legally cognizable interest in the State's prosecution of others and that the church suffers a penalty if members of the public are not prosecuted, the statutory notice signage, and the Church's decision to post or not to post the notice signage, does not result in an injury in fact to the Church.

**First,** choosing not to post the statutory notice does not prevent prosecution for criminal trespass because written notice is not necessary to trigger a criminal violation of either statute. Oral notice alone satisfies either statute. "A verbal command or request activates the statute," and if Plaintiffs do not want to convey the verbal command themselves, they can call the police to do it for them. *Ogg,* 2025 WL 1066187 at *7. "Thus, whether Plaintiffs post the prescribed sign, a modified sign, or no sign at all, makes no difference to their right to protection as landowners or occupants of the property." *Id.*

**Second,** the Church does not suffer an expressive, pocketbook, or reputational injury if it chooses not to post the statutory signage because the statutes do not prescribe how the Church may express opposition to concealed or open-carry firearms on Church property. The statutes only prescribe the elements that must be proven to secure a trespass conviction based on written, as opposed to oral, notice, and these notice elements are not requirements directed toward the Church. The Church remains free to use any means, in any format, to tell the public that those who carry handguns are not welcome on Church property, and to exclude

handguns without posting statutory notice.[3]

### 4. The Church's injury, if any, is remote, speculative, and conjectural.

Any injury to the Church, if an injury exists, is by definition remote, speculative, and conjectural. The Church is not even complaining about the State's failure to prosecute an actual crime committed by an actual member of the public. Quite the opposite. The Church admits the Police Department has always provided a satisfactory response to trespass and other complaints by the Church. ROA.1455-ROA.1456, ROA.1462. The Church is really complaining that the criminal trespass statutes, as written, do not apply to *hypothetical* conduct the Church *believes* the Legislature should penalize. This is the very definition of a remote, speculative, and conjectural injury. *See, Lefebure,* 15 F.4th at 659 ("any connection between a non-prosecution policy and subsequent criminal activity is too 'speculative' to support standing.")

There are additional reasons why the Church fails to demonstrate

---

[3] The Church's hypothetical reputational injury, in particular, defies logic. The Church does not explain why expressing its view using the statutory signage might cause reputational harm, yet expressing the same views using other means will not cause reputational harm. Nor does the Church explain how posting statutory notice under §30.06 will cause reputational harm where the Church already posts notice under §30.07.

an injury-in fact necessary for standing. For one thing, the statutes cannot cause the Webster Police Department to treat the Church differently because nothing in the statutes requires the Police Department to treat the church differently. More to the point, the undisputed evidence negates any disparate treatment of the Church. As Judge Jones pointed out, the Webster police respond to every trespass call in the same way—an officer goes to the property and tells the suspect to leave or face arrest. *Ogg,* 2025 WL 1066187 *7. The evidence bears out Judge Jones' observation. During the five years preceding this lawsuit, the Webster Police responded to every call from the Church in a prompt and satisfactory manner. ROA.1455. Church Director Rochen testified she has no complaints about the manner in which the Webster Police responded on any occasion. ROA.1455. And the record contains no evidence, nor even a suggestion, that the Webster Police ever refused to respond to a call, treated a call differently, or refused to make an arrest because the Church displays one but not both statutory notices.

Disagreement with the Legislature is not an injury, but disagreement with the Legislature is all there is to this case. The Legislature authorized use of statutory signage as just one of the methods

for proving the notice element of criminal trespass under §§30.06 and 30.07. But the Legislature does not *require* the Church or other property owners to post the signage. And the Legislature does not specify that posting the signs is the only way for a landowner to provide, and the State to prove, the notice necessary for a criminal trespass conviction. The *en banc* Court should affirm the district court's judgment because the Church does not have an injury-in-fact.

## B. The Church does not have a redressable injury.

Even if the Church had an actual injury, standing would still be absent because a judgment against Chief Bacon cannot redress that injury. Standing requires it to be "likely, as opposed to merely speculative, that the injury will be redressed by a final decision." *Inclusive Cmtys. Project, Inc. v. Dep't of Treasury,* 946 F.3d 649, 655 (5th Cir. 2019) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 181 (2000)). While "causation and redressability are usually 'flip sides of the same coin,'" "redressability 'can still pose an independent bar in some cases.'" *Diamond Alternative Energy, LLC v Environmental Protection Agency,* 145 S.Ct. 2121, 2133 (2025) (quoting *FDA v. Alliance for Hippocratic Medicine,* 602 U.S. 367,

379 (2024)). "The additional redressability requirement generally serves to ensure that there is a sufficient 'relationship between 'the judicial relief requested' and the injury suffered.'" *Id.* (quoting *California v. Texas,* 593 U.S. 659, 671 (2024) (quoting *Allen v. Wright,* 468 U.S. 737, 753 n. 19 (1984)).

Even if the Church's complaint rose to the level of an injury in fact, a judgment against Chief Bacon could not possibly redress that injury. To see this, one only needs to consider the relief pleaded in the complaint.

## 1. Declaratory relief will not provide redress.

Begin with Plaintiffs' request for a declaration that the written notice provisions and affirmative defenses in Sections 30.06 and 30.07 are unconstitutional. ROA.55. A judgment against Chief Bacon declaring the challenged provisions unconstitutional within the City of Webster will have no effect whatsoever. The elements of offenses under §30.06 and §30.07 will remain in place, and so will the statutory defenses. And, most significantly, the requirements for probable cause to make an arrest for violating Sections 30.06 and 30.07 will not change—there will still need to be either oral notice or, in the absence of oral notice, written notice complying with the statutes.

Hence, a declaratory judgment against Chief Bacon would not even rise to the level of an "advisory" opinion. After all, Chief Bacon cannot implement any "advice" a court might provide concerning the constitutionality of the statutes. And a declaratory judgment cannot provide Chief Bacon with probable cause to arrest a suspected trespasser based solely on written notice that does not comply with the requirements of the statute. In short, the declaratory judgment the Church seeks against Chief Bacon will have no effect.

## 2. Injunctive relief will not provide redress.

The Church's demand for injunctive relief fares no better. The Church seeks to enjoin Chief Bacon and the other Defendants from enforcing "the heightened notice requirements imposed by the Acts and requiring that property owners seeking to exclude guns from their properties need only comply with the notice requirements of the general trespass law." ROA.56. Such an injunction will not redress the Church's grievance.

To begin with, there is no possible enforcement against the Church to be enjoined. The trespass statutes do not impose "heightened notice requirements" on the Church. What Plaintiffs mischaracterize as "notice

requirements" are not *requirements* at all. They are the elements the State must prove to secure a conviction for criminal trespass under Sections 30.06 and 30.07 based solely on written notice. Each written notice provision specifies an *option* the State may rely on to prove notice in a criminal trespass prosecution. In short, an injunction forbidding Chief Bacon from "enforcing" the written notice provisions in the criminal trespass statutes against the church would be meaningless because Chief Bacon, by definition, cannot enforce the criminal trespass statutes against the Church. *See, Okpalobi,* 244 F.3d at 427.

The Church and the other Plaintiffs are really seeking to rewrite and expand two penal statutes by deleting statutory elements of the written notice the Legislature deemed sufficient to satisfy the notice element of each crime. But rewriting and expanding a criminal statute is something a federal court may never do. *See, Schall v. Martin,* 467 U.S. 253, 268 n.18 (1984); *Smallwood v. Johnson,* 73 F.3d 1343, 1351 (5th Cir. 1996); *Perkins v. Cabana,* 794 F.2d 168, 169 (5th Cir.), cert. denied, 479 U.S. 936 (1986). Criminalization and prosecution of conduct is between "the government [and] the governed," and not between private citizens, and it is for "society as a whole" to bring "[t]he terrifying force of the

criminal justice system . . . to bear against an individual." *Lefebure,* 15 F.4th at 655 (quoting *Robertson v. U.S. ex rel Watson,* 560 U.S. 272, 273 & 278 (2010) (Roberts, C.J., dissenting)).

And even if a court were permitted to delete elements from the statutory definition of written notice sufficient to prove criminal trespass, a judgment against Chief Bacon could not possibly achieve this objective. The Texas Legislature is the only body that has the power to rewrite the criminal trespass statutes, and the Legislature is not before the Court. "Redressability is problematic when third parties not party to the litigation must act in order for the injury to arise or be cured." *Disability Rights S. Carolina v. McMaster,* 24 F.4th 89, 903 (4th Cir. 2022).

Standing requires the defendant to have "the ability to . . . redress the plaintiffs' injuries." *Okpalobi,* 244 F.3d at 428. Even if the Church had an injury, standing would still be absent because a judgment against Chief Bacon cannot possibly redress the Church's supposed injury.

C.  **The Church fails to show an injury that is fairly traceable to Chief Bacon.**

Standing also requires the Church's injury, assuming one exists, to be fairly traceable to, or caused by, Chief Bacon, and not the result of action by a third party who is not before the court. *Simon v. E. Ky. Welfare*

*Rights Org.,* 426 U.S. 26, 41-42 (1976). Stated differently, standing requires the defendant to "have the ability to cause . . . the plaintiffs' injuries" in order for standing to arise. *Okpalobi,* 244 F.3d at 428. The majority found traceability because "it is undisputed that Defendants follow the law and apply the heightened notice requirements of §§30.06 and 30.07." *Ogg,* 2025 WL 1066187 at *5.

The majority's circumscribed analysis of traceability is fundamentally mistaken. By definition, Chief Bacon cannot enforce the criminal trespass statutes *against* the Church because criminal trespass is not a crime a property owner can possibly commit, Tex. Penal Code §§30.06, 30.07. Nor, for that matter, is the Church complaining about Chief Bacon's enforcement of the criminal trespass statutes against the Church. The Church is complaining that the language of the criminal trespass statutes prevents Chief Bacon from enforcing the statutes against hypothetical trespassers—a hypothetical that is at odds with the undisputed evidence. Even if, *arguendo,* this were true and was not conclusively disproved by the evidence, any absence of enforcement falls at the feet of the Legislature, which enacted the statutes, and not at the feet of Chief Bacon. "That is to say, it is not [Chief Bacon] who inflicts the

claimed injury," but the Legislature which drafted the statute. *Okpalobi,* 244 F.3d at 429.

The absence of an injury traceable to Chief Bacon is an additional reason the Church does not have standing. The *en banc* Court, therefore, should affirm the district court's judgment.

## CONCLUSION

Webster Acting Police Chief Pete Bacon requests the Court affirm the district court's judgment and award him all other relief to which he may be entitled.

Respectfully submitted,

Lewis Brisbois Bisgaard & Smith, LLP

*/s/ Sean M. Higgins*
William S. Helfand
Sean M. Higgins
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Bill.Helfand@lewisbrisbois.com
Sean.Higgins@lewisbrisbois.com
[Tel.] (713) 659-6767
[Fax] (713) 759-6830
Attorneys for Appellee Webster
Police Chief Pete Bacon

## CERTIFICATE OF SERVICE

In compliance with Federal Rule of Appellate Procedure 25(d)(3) and Fifth Circuit Rule 25.2.5, I hereby certify that on December 5, 2025, I electronically filed and served the foregoing document to all counsel of record through the Court's CM/ECF system.

*/s/ Sean M. Higgins*
Sean M. Higgins

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies this motion complies with the type-volume limitations in Fed. R. App. P. 35(b)(2)(a) and Fifth Circuit Local Rule 35.5, exclusive of the portions exempted by Rule 32(f) and 5th Cir. R. 32.2.7(b)(3), but including the statement required under Fed. R. App. P. 35.5. This motion brief contains 5,045 words. This motion complies with the typeface requirements of Rule 32(a)(5) and 5th Cir. R. 32.1, and the type-style requirements of Rule 32(a)(6) because this motion was prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point font size in Century Schoolbook typestyle.

*/s/ Sean M. Higgins*
Sean M. Higgins