Direct Number: +1.202.879.3872
ctaylor@jonesday.com

June 26, 2026

Lyle W. Cayce
Clerk of Court
United States Court of Appeals for the Fifth Circuit
Office of the Clerk
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130

Via CM/ECF

> Re: *Bay Area Unitarian Universalist Church v. Ogg*, No. 23-20165

Dear Mr. Cayce:

Plaintiffs-Appellants respectfully submit this letter pursuant to rule 28(j) of the Federal Rules of Appellate Procedure to advise the Court of a recent ruling by the United States Supreme Court, *Wolford v. Lopez,* No. 24-1046 (U.S. June 25, 2026) (Ex. A).

*Wolford*, like the case currently before this Court, involved a state's attempt to legislate how the owner of property open to the public can communicate that firearms are permitted or forbidden on the property. *See Wolford*, slip op. at 12. In striking down the state law at issue, the Supreme Court invoked "the undisputed principle that the owner of private property is generally free to exclude anyone from entering without consent." *Id.* at 16. And the Court affirmed that "States may not adopt property-law rules that violate constitutional rights," including "rules that violate the freedom of speech." *Id.* at 18 n.13 (citing *Reed v. Town of Gilbert*, 576 U.S. 155, 159 (2015)); *cf.* Pls.' En Banc Brief 22-36 (explaining that challenged statutes force Plaintiffs to sacrifice either their property rights or their freedom of speech).

Of particular relevance to the standing question before this Court, the Supreme Court recognized that "[s]ome proprietors who do not themselves object to entry by carry-permit holders may be reluctant to post a sign welcoming such individuals for fear of alienating other customers." *Wolford*, slip op. at 14. This commonsense observation aligns with Plaintiffs' standing argument here, in two ways. First, like the hypothetical proprietor in *Wolford*, Plaintiffs object to the signs because of the effect they have on would-be customers (and congregants). *See* Pls.' En Banc Brief 21, 25. And second, just as in the hypothetical, Plaintiffs are injured by Texas's signage requirement notwithstanding that Plaintiffs do not "disagree with" the signs' "message." *See id.* at 22-24. Although *Wolford* did not directly address whether a property owner would have standing to challenge the state law at issue, the Court's discussion of the practical burdens involved makes the answer plain.

The answer here should be no different. Plaintiffs have standing to challenge Texas's signage laws. The judgment of the district court should be reversed.

Sincerely,

*/s/ Charlotte H. Taylor*
Charlotte H. Taylor

*Counsel for Plaintiffs-Appellants Bay Area Unitarian Universalist Church, Drink Houston Better, L.L.C., doing business as Antidote Coffee, and Perk You Later, L.L.C.*

Cc:    (Via Electronic Notice)
       Melissa Azadeh
       Moustapha Gassama
       William S. Helfand
       Sean M. Higgins
       Donald B. Hightower
       Charles Hamilton Houston, III
       Eleanor Matheson
       Justin Carl Pfeiffer

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2026, an electronic copy of the foregoing was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system.

I further certify that on June 26, 2026 I served a copy of the foregoing on all counsel of record by CM/ECF and e-mail..

*/s/ Charlotte H. Taylor*
Charlotte H. Taylor
*Counsel for Plaintiffs-Appellants*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this letter complies with Federal Rule of Appellate Procedure 28(j) and Circuit Rule 28.4 because it is 350 words.

Dated: June 26, 2026

/s/ Charlotte H. Taylor
Charlotte H. Taylor
*Counsel for Plaintiffs-Appellants*